# Truss *v.* Davidson.

*Statutory Detinue against Sheriff, by Assignee of Defendant in Attachment.*

1. *Assignment for benefit of creditors; takes effect when; presumption of assent.*—A deed of assignment for the benefit of creditors, by which the debtor's property is appropriated absolutely and unconditionally to the payment of his debts, takes effect from the date of its delivery to the assignee, on his taking immediate possession of the goods conveyed; and the assent of creditors will be presumed, if the instrument contains no provision prejudicial to their rights.

[Truss v. Davidson.]

2. *Same; validity as against attaching creditors.*—The fraudulen t intent of the grantor will not avoid a deed of assignment for the benefit of creditors, unless the assignee or the creditors knew of, or participated in the fraud; nor is the validity of the assignment affected by the fact that, prior to the delivery of the deed, the grantor made fraudulent sales to third persons of some of the goods conveyed, and himself retained the proceeds.

3. *Sale of property by consent, pending suit.*—In statutory detinue against a sheriff, for goods on which he has levied attachments, the plaintiff claiming as trustee under an assignment for the benefit of creditors; if the goods are sold pending the suit, by consent, but without an order of court, the agreement does not amount to an abandonment of the suit; but the plaintiff, recovering a verdict, can only have judgment for the proceeds of sale, as the alternate value of the goods.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by S. C. Davidson, against S. R. Truss, to recover a stock of goods, on which the defendant, who was then sheriff of the county, had levied several attachments as the property of A. T. Palmer; and was commenced on the 14th March, 1888. The plaintiff claimed the goods under a deed of assignment executed to him, as trustee, by said A. T. Palmer, for the benefit of his creditors, which was dated February 27th, 1888, and delivered on the same day. The defendant filed several pleas, justifying under the attachments, and assailing the validity of the assignment under which plaintiff claimed. Pending the suit, the goods were sold by consent, without an order of court; and the proceeds of sale, $1,500, were brought into court by the defendant. The case being submitted· to the decision of the court without a jury, judgment was rendered for the plaintiff, for the goods, or $2,325, as their alternate value. This judgment is now assigned as error, with several rulings on the pleadings and evidence.

GARRETT & UNDERWOOD, MOUNTJOY & TOMLINSON, and JAMES WEATHERLY, for appellant.

SOMERVILLE, J.—The action is one of detinue, brought by the appellee, Davidson, assignee of one Palmer, against the appellant, Truss, for a stock of merchandise levied on by the latter as sheriff under sundry writs of attachment.

Unless the assignment under which the plaintiff claims title is void for fraud, there seems to be no good reason why he · should not recover the goods, as this instrument of transfer was made and delivered on February 27th, 1888, the day before the levy of the first attachment. The assignment, under the facts of the case, took effect, if at all, from the date of its

delivery to the assignee, the latter having taken immediate possession of the assigned goods.—*Brown v. Lyon*, 17 Ala. 657; *Warner v. Jaffray*, 96 N. Y. 248.

The rule in this State is settled to be, that the assent of the creditors will be presumed to a deed of assignment, which appropriates the property conveyed, absolutely and unconditionally, to the payment of the assignor's debts—the instrument being free from fraud or illegality, and containing nothing which can be so construed as to be prejudicial to the rights of the creditors. So, while the rule is otherwise in some of the States, the settled doctrine in this State is, that the fraudulent intent of the grantor alone will not avoid a deed of assignment to creditors, unless the assignee, or the creditors, knew of, or participated in the fraud.

The decisions are numerous on the foregoing propositions. *Abercrombie v. Bradford*, 16 Ala. 560; *Governor v. Campbell*, 17 Ala. 566; *Rankin v. Lodor*, 21 Ala. 380; *Shearer v. Loftin*, 26 Ala. 703; Wait on Fraud. Convey. (2d Ed.), §§ 316 *et seq.;* Burrill on Assignments (4th Ed.), § 285; 1 Brick. Dig. 129, §§ 87, 89; p. 132, § 123.

We have examined the evidence in this case, and concur with the judge of the City Court in his conclusion that the proof is insufficient to authorize the court to find the assignment void for fraud. The assignment can not be made fraudulent by the fact that Palmer, the grantor, made sale of some of the goods embraced in his stock, prior to the execution and delivery of the assignment, and afterwards retained the proceeds of sale. Conceding these sales to be fraudulent, they were independent transactions between the assignor and mere strangers, prejudicial to the rights of the very creditors intended to be secured in the assignment, who in no manner participated in them; nor, so far as we see, did the assignee, Davidson, himself, the evidence showing that the sales were made before the execution of the assignment, and during Davidson's absence from Warrior, the place of Palmer's residence and business. The alleged fraudulent sales can not, therefore, be treated as parts of the transfer here assailed as fraudulent, nor be permitted in any manner to vitiate the transaction. Burrill on Assignments (4th Ed.), §§ 355–359.

The evidence excluded by the court, to which exceptions were taken, would not change the conclusions reached by us, even were it all admitted. Hence its exclusion, if erroneous, was error without injury.

There being no fraud in the transaction, the principle announced in *Townsend v. Harwell*, 18 Ala. 301, has no application to the case.

[Inman v. Prout.]

There is no assignment of error based on the action of the court in overruling the demurrer to the complaint, and hence the argument on this point calls for no response. We may add, however, that we see no error in this ruling.

But one other point remains to be considered. The testimony satisfies us that there was an agreement on the part of both the plaintiff and the assignor, that the sheriff might sell the goods, without an order of court, and without advertisement, and at either private or public sale. The goods were sold by the sheriff as agreed on, at private sale, and brought the sum of fifteen hundred dollars. We do not construe this agreement to operate as an abandonment of the suit, for such was clearly not its intention. But, in our opinion, its effect must be to limit the recovery of the plaintiff to the amount for which the goods were sold by the sheriff. If the agreement does not have this operation, it can have none whatever. It must be supposed that, in consenting to this mode of sale, the plaintiff agreed by implication to abide by the result, and accept the price obtained by resort to such mode. The just result of the agreement is to reduce the alternate judgment of recovery to the sum of $1,500, instead of $2,325, rendered by the City Court.

The judgment will be reversed, and a judgment rendered in this court for the appellee, in the sum of $1,500. The appellee will be taxed with the costs of this appeal.

Reversed and rendered.