# Pollak, *et al. v.* McNeil, *et. al.*

*Statutory Action of Ejectment.*

100 203
117 436

100 203
127 307
128 560

100 203
130 292

1. *Homestead; sale of by insolvent*—An insolvent judgment debtor may sell and convey his homestead unaffected by such judgment.
2. *Same; knowledge by purchaser of grantor's insolvency.*—It is immaterial that the purchaser of a homestead from a judgment debtor knew, at the time of the purchase, that the grantor was insolvent.
3. *Same; when selection necessary.*—Where the area and value of a homestead does not exceed the limit allowed by law as exempt, and the homestead is not a part of a larger tract of land, a selection of a homestead by the onwer is unnecessary.

APPEAL from the the Circuit Court of Henry.

Tried before the Hon. J. M. CARMICHAEL.

J. Pollock & Co., plaintiffs below, appellants here, recovered a judgment against J. B. Tate, in the Circuit Court of Henry county, on the 7th March, 1888, for the sum of $716.23; a transcript of the judgment, duly certified by the clerk of the court, was registered in the office of the judge of probate of said county, on the 24th of March, 1888; an execution was issued, out of said Circuit Court, on said judgment, on the 20th day of November, 1891, which was placed in the hands of the sheriff of said county, and by him levied, on the 24th November, 1891, on a lot in the town of Columbia, in said county, of about three-fourths of an acre, which is described in the levy, and which is the lot for the possession of which this action is brought; proceedings

were duly and regularly taken under the statute by the sheriff, to make sale of said lot, for the satisfaction of said execution, and on the 4th January, 1891, he made public sale of the same for that purpose, and the plaintiffs became the purchasers thereof, at and for the sum of $50, in consideration of which purchase, and of the payment of the sum so bid by them, the sheriff executed and delivered to the plaintiffs a deed conveying to them "all the legal rights, title, interest and claim which the said J. Tate held in and to the foregoing described premises," the same as levied on and sold, and described in the complaint in this suit. After proving these facts and the value of the rent and possession by defendants, plaintiffs rested.

The defendants, Daniel McNeil and wife, introduced in evidence a deed duly executed by J. H. Tate and wife to said lot, executed in manner to convey the homestead exemption to Mrs. Pauline McNeil, one of the defendants, dated May 26, 1888, conveying to her, in consideration of $700, acknowledged to be paid by her, the lot sued for, which deed was filed for record and recorded in the probate office of said county, on the 4th of June, 1892.

The defendant further proved, that at the time said deed was made, and prior to the 7th day of March, 1888,—the date of plaintiff's judgment against said J. H. Tate,—the premises sued for were occupied by said J. H. Tate and family as a homestead, and was the property of said J. H. Tate; that the area and value of the same did not exceed the limits allowed by the constitution and laws of the State, for a homestead exemption; that immediately upon said Tate's removal from said premises, the defendants moved thereon, and have ever since occupied the same, under the defendant's—Pauline McNeil's—purchase from said Tate; that the defendant, Pauline McNeil, paid said Tate $700 for said property. It was admitted that no declaration of claim was ever filed in the office of the judge of probate of Henry county by said Tate, claiming said property as his homestead.

The plaintiff offered to prove in rebuttal, that said Tate was insolvent at the time of the sale to defendant, Mrs. McNeil, of which fact she had notice; that said sale was made upon a cash consideration, which, upon the objection of defendant, was not allowed to be shown, and plaintiffs excepted.

This being all the evidence, the court at the request of defendants, gave the general charge in their favor, and refused a like charge requested by plaintiff.

The errors assigned are, the refusal of the court to admit

said evidence, offered by plaintiff, the giving of the general charge for defendant, and the refusal to charge as requested by plaintiffs.

A. E. PACE, for the appellant.—Points and authorities. Every homestead, within certain limits, to be selected by the owner, exempt from legal process.—Cons. Art. 10, Sec. 2. Homestead of every resident, within specified limits, exempt from levy and sale under process, during *life* and *occupancy.* Code 2507. Declaration and claim made and filed in the office of the judge of probate.—Code 2515. Such claim filed, property embraced therein, not subject to levy, unless the claim is contested.—Code 2519. Property to which the defendant has the legal title, subject to *levy* under execution. Code 2892. Certificate of clerk of the court by which judgment is rendered, being filed in the office of the judge of probate, creates a lien in favor of the judgment holder, upon all the property of the defendant subject to *levy* and *sale* under execution, within the county in which it is filed.—Acts 1886-7, p. 99. Exemptions do not operate *ex proprio vigore.* Are mere personal privileges, which may be waived and which are waived if not asserted and claimed according to law. *Stanley v. Ehrman,* 83 Ala. 215; *Wright v. Grabfelder,* 74 Ala. 460; *Clark v. Spencer,* 75 Ala. 49–57; *Jarrell Ex'rs v. Payne, Ib.* 57 ι; *Sherry v. Brown,* 66 Ala. 51; *Martin v. Lile,* 63 Ala. 406–9. Where declaration and claim has been filed, a leasing of the homestead for more than twelve months operates an abandonment.—Code 2539; *Pollak v. Caldwell,* 91 Ala. 253; *Scaife v. Argyle,* 74 Ala; 473; *Murphy v. Hunt,* 75 Ala. 438. A sale and conveyance of the homestead operates an abandonment of the right.—*Kennedy v. First National Bank,* 12 Rep. So. (Ala.) 617; *Sims v. Waters,* 65 Ala. 442; Waples on Homestead and Ex., p. 296. No declaration of claim filed, a levy, sale and conveyance under execution passes the legal title.—*Clark v. Spencer,* 75 Ala. 49–57. Declaration of claim filed no lien attaches to property included therein.—Freem. on Ex. 241; *Caldwell v. Pollak,* 91 Ala. 353. The exemptioner may sell the fee to property so held, and vest a good title in the purchaser, to the same extent, and with the same limitations on his power of disposition, as would be the case if his debt was not in execution, was not reduced to judgment. *Caldwell v. Pollak, supra; Fellows v. Lewis,* 65 Ala. 343–54; Waples on Homestead and Ex., 517; *Currier v. Sutherland,* 54 N. H. 475. Under the statute property, though exempt, subject to levy if not claimed.—*Mitchell v. Corbin,* 91 Ala. 599. A deed to the homestead, even if an adequate valuable

[Pollak et al. v. McNeil et al.]

consideration be proved, is open to inquiry, as any other conveyance of a debtor may be attacked by a creditor.—*Caldwell v. Pollak*, 91 Ala. *supra;* 12 Minn. 80; 29 Ark. 407; 12 S. E. Rep. (Va.) 294; Freem. on Judg. p. 555; Bump on Fraud. Con. p. 245; Waples on Homestead and Ex. p. 521-2.

T. M. Espy and R. H. Walker, for the appellee.—The proof shows that at the time the property involved in this suit was sold by Tate to McNeill that Tate was occupying it as a homestead. Creditors cannot complain of their debtors fraudulent disposition of their homestead property.—*Shubert v. Winston*, 11 S. R. 200; *Caldwell v. Pollak*, 91 Ala. 353; *Fellows v. Lewis*, 65 Ala. 343; *Wright v. Smith*, 66 Ala. 514; *Lehman v. Bryan*, 67 Ala. 558; *Alley v. Daniel*, 75 Ala. 403. Tate had a life estate in the house and lot which Pollak and Company could not subject to the payment of their debt and a conveyance of it by him could not injure Pollak & Co. *Caldwell v. Pollak, supra; Fellows v. Lewis, supra.* Where the exemptioner does not own more than one thousand dollars worth of personal property or his homestead is not a parcel or part of a larger portion of land, the interposition of a formal claim of exemptions is not necessary.—*Alley v. Daniel, supra.*

HARALSON, J.—1. The question presented for our consideration, is whether a party who owns, and occupies a homestead, within the limits allowed by the laws of this State, may sell and convey the same. We have so repeatedly decided this question affirmatively, we have no disposition to discuss it further, or review our rulings on it, as we have been invited, in the well considered argument of appellant's counsel, to do. The question must be regarded as settled in this State.—*Kennedy v. First National Bank*, 12 So. Rep. 618; *Shubert v. Winston*, 11 So. Rep. 200; *Caldwell v. Pollock*, 91 Ala. 357; *Alley v. Daniel*, 75 Ala. 406; *McWilliams v. Jenkins*, 72 Ala. 487; *Shirley v. Teal*, 67 Ala. 449; *Lehman v. Bryan*, 67 Ala. 558; *Wright v. Smith*, 66 Ala. 514; *Fellows v. Lewis*, 65 Ala. 343; *Ala. Conference v. Vaughan*, 54 Ala. 445.

2. There was no error in the exclusion of the evidence offered that said Tate was insolvent, of which fact Mrs. McNeil, had notice, and that she paid cash for the land. It was irrelevant. Tate had the right to sell his homestead whether he was solvent or insolvent, and his deed conveyed to the grantee the right of exemption secured to him under the statute. Authorities *supra.*

[Balkum v. Strauss.]

3. Where the area and value of the homestead does not exceed the limit allowed by law as exempt, and it is not a part or parcel of a larger portion of land, a selection is unnecessary.

The law intervenes and attaches the right of exemption without any act on the part of the exemptioner, as if the particular property were especially claimed and designated as exempt. *Alley v. Daniel, supra; Nance v. Nance*, 84 Ala. 375; *Jarrell v. Payne*, 75 Ala. 579; *Hardin v. Pulley*, 79 Ala. 387; *Chandler v. Chandler*, 87 Ala. 303.

The court committed no error in giving the general charge for the defendant.

Affirmed.