# Robinson, Boylston & McKeldin Co. *v.* Thomason.

### *Statutory Trial of the Right of Property.*

1. *General assignment; when fraud of assignor not sufficient to render assignment invalid.*—Where a general assignment for the benefit of creditors, is valid on its face, and bears evidence that it is beneficial to the creditors of the assignor, the assent to and acceptance by the creditors is presumed ; and it can not be avoided because of the fraud of the assignor, if neither the assignee nor creditors had knowledge or notice of such fraud at the time of acceptance.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This suit was instituted by suing out an attachment by the appellants against P. K. Thompson & Co. This writ of attachment was levied upon a stock of goods in the house where P. K. Thompson & Co. had been doing business. A few days after the levy of the attachment, R. P. Thomason, as assignee of P. K. Thompson & Co., filed his claim bond and affidavit, claiming the property levied upon as the property of the affiant, as assignee. Upon the interposition of this claim, issue was made up by the court for the trial of the right to the property levied upon.

Plaintiffs were creditors of the assignors on the 26th of November, 1894, when the assignment was made, and the attachment was levied upon all of the assigned goods November 27th, 1894. The claimant was in possession of the goods at the time of the levy, and it was conceded that he did not know of or participate in any fraud, or fraudulent intent on the part of the assignors in making the assignment. It was also conceded that Thomason,

[Robinson, Boylston & McKeldin Co. v. Thomason.]

the claimant, was not a creditor of the assignors or interested in the assignment when it was accepted by him. It was not shown that any creditor or the assignee had ever actually assented to the assignment either prior, or subsequent, to the levy of plaintiff's attachment.

The theory upon which plaintiff assailed the assignment is, that it was a fraudulent one, and was made for the purpose of defrauding the creditors of the assignors, and was void as to plaintiffs, who levied their attachment upon the assigned property before the actual assent of any creditor was given. The proposition is based upon . the fact, that the assignment purports to be a general assignment, while in fact it is not such, because the assignors fraudulently concealed from, and never turned over to, the assignee, money and property belonging to the partnership that was subject to its debts.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence judgment was rendered for the claimant. Plaintiffs appeal, and assign as error the rendition of this judgment.

MATTHEWS & WHITESIDE, for appellants.—Where an assignment purports to convey all the assignor's property for the benefit of his creditors, and the assignor reserves any considerable portion of his property or moneys and conceals it from the assignee and his creditors, the assignment is fraudulent and void against the attaching creditors, who attach the property assigned before an actual and express assent is given to the assignment by some creditor provided for thereby, and the assignee is not a creditor.—*Montgomery v. Goodbar*, 13 So. Rep. (Miss.) 624 ; *Rothenberg v. Bradley*, 10 So. Rep. 922 ; Burrill on Assignments, (4th ed.), §§ 319, 320, 332, 354 and 501 and note ; *U. S. v. Hooe*, 3 Cranch, 73 ; 2 Story's Eq. Juris., § 353 ; *Shultz v. Hoagland*, 85 N. Y. 468 ; *Riches v. Evans*, 9 C. & P. 267 ; *Ashley v. Robinson*, 29 Ala. 112 ; *Smith v. Hurst*, 10 Hare's Ch. Rep. 30.

CALDWELL, JOHNSTON & ACKER, *contra.*

BRICKELL, C. J.—The instrument under which the appellee deduced title to the goods in controversy, is a general assignment for the equal benefit of all the cred-

itors of the assignor. By its terms the property and effects transferred, are devoted absolutely and unconditionally to the payment of the debts, without any other delay than such as is incident to their reduction to money for the purposes of distribution. The assignee joined in the execution of the assignment, and covenanted to execute its trusts to the best of his skill and ability. It is assailed by the appellants as fraudulent; as having been executed by the assignors with the intent to hinder, delay and defraud their creditors, and because of their omission to surrender, and concealment from the assignee, of moneys or assets, which were embraced in the assignment, or which its terms were broad enough to embrace. It was admitted that of the fraud, the assignee had no knowledge, and was without participation; and there was no evidence tracing knowledge or participation to the creditors or any of them. In the recent case, *Halsey v. Connell, Green & Co.*, 111 Ala. 221, we said of such an assignment, that it might be resorted to as a device to hinder, delay and defraud creditors, and the vitiating intent might be manifested on its face. But if on its face, it was free from all infirmity, from fraud or illegality, bearing evidence that it was beneficial, not prejudicial to creditors, the assent to and acceptance of it by creditors would be presumed, and that it could not be avoided because of the fraud of the assignor, of which neither they, nor the assignee, had knowledge or notice, at the time of the acceptance; citing as authorities, 1 Brick. Dig. 130, § 96; 3 Brick. Dig. 519, §§ 156-57; *Truss v. Davidson,* 90 Ala. 359; *Emerson v. Senter,* 118 U. S. 3. There are authorities asserting a different doctrine, but we are not inclined to follow them; certainly not to depart from deliberate decisions of this court, made after careful consideration, announcing a rule or principle, which ought to be fixed and stable.

The judgment of the city court is affirmed.