# Inman, Smith & Co. *v.* Schloss.

*Statutory Trial of the Right of Property.*

1. *Statutory claim suit; priority of levy over execution of deed of assignment; admissibility of evidence.*—Where on a trial of the right of property, the issue involved is as to the priority of the levy of an attachment sued out by the plaintiffs over a deed of assignment executed by the defendant in attachment to the claimant for the benefit of his creditors, it appeared from the testimony introduced by the plaintiffs that the officer making the levy left the goods in the possession of the assignee until the following day, claiming that he left the goods with the assignee as his bailee, testimony that the attorney for the assignee, at the time the levy was made, declared that it was invalid, is admissible in evidence as a part of the *res gestae* to the transaction, and as tending to show that the retention of the goods by the assignee was not as such bailee.

2. *Assignment for benefit of creditors; partial assignment not within the provision of the statute.*—A partial assignment by an insolvent debtor, for the benefit of particular creditors to the exclusion of others, is not within the operation of the statute which provides that in a general assignment by a debtor for the benefit of the creditors the conveyance creating preferences shall stand as security for, and enure to, the equal benefit of all the creditors, (Code of 1896, § 2158),

[Inman, Smith & Co. v. Schloss.]

3. *Same; insolvency of assignor does not render deed void.*—The mere fact of the insolvency of the assignor in a deed of assignment executed by an insolvent debtor conveying a portion of his property to pay certain creditors, made without the reservation of a benefit to himself, and requiring the assignee to pay any surplus remaining after the payment of the creditors preferred to his other creditors, does not render the deed of assignment fraudulent under the statute declaring void all conveyances or assignments made with intent to hinder, delay or defraud the creditors, (Code of 1896, § 2156); and this is true although the assignee or beneficiary in the deed of assignment knew of the debtor's insolvency.

4. *Statutory claim suit; priority of levy of attachment over deed of assignment; case at bar.*—In the trial of the right of property which had been levied upon under an attachment sued out by the plaintiff, but which was claimed by the claimant under a deed of assignment executed by the defendant in attachment, where the issue was as to the priority of the levy over the execution of the assignment, the following facts were disclosed: The officer levying the attachment testified that while he was making the levy the deed of assignment was unfolded, ready to be signed by the defendant; that thereupon he laid his hands on the counter of the storehouse where the property was situated, and upon the goods, stating that he levied upon them, and that after such statement the deed of assignment was executed and delivered to the assignee, together with the key to the store; that after such levy he left the goods in possession of the assignee under an agreement that the latter was to hold them as his agent. Witness for the claimant testified that the officer merely stated he levied on the goods, and that the assignment that was to be executed would be subject thereto, and that he then left the stock of goods in the store without taking them in his possession. *Held:* That it was shown that the levy of the attachment was prior to the execution of the deed of assignment, and that, therefore, the plaintiff in the claim suit was entitled to the general affirmative charge.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

On December 28, 1896, the appellants, Inman, Smith & Co., commenced a suit by attachment against one J. Oppenheimer. The writ was executed by levying, on that day, upon certain merchandise in a storehouse in

Eufaula occupied by the defendant. After the levy, the appellee, H. Schloss, interposed a claim to the property so levied upon, basing his right thereto upon a deed of assignment which had been executed to him by J. Oppenheimer, the defendant in attachment, on December 28, 1896, in which deed, Schloss, the claimant, was made the assignee. Upon the interposition of this claim, the statutory trial of the right of property was instituted. On this trial, it was shown that the assignment was in the usual form, except that it created a preference in favor of certain specified creditors of the assignor, and was only a partial and not a general assignment of his property. On the question as to the priority of the levy of the attachment and the execution and delivery of the assignment, the plaintiff's testimony tended to show that the attachment was levied on the goods as returned by the sheriff before the execution of the assignment. The officer making the levy testified that he was in the store with the paper when the assignment was spread out and about to be signed; that he stated that any paper then signed would be subject to his levy. That he then laid his hands on the counters and goods and said that he levied on all the goods; that the deed of assignment was executed and delivered to the assignee, together with the key to the store; and that the assignee agreed to hold the goods as agent for the sheriff. The goods were never moved out of their place, and the next day the assignee refused to give them to the sheriff, who attempted to move them when the claim bond was given.

The testimony on the part of the claimant was, that when the parties were preparing to execute the assignment, the officer said whatever paper is signed is subject to a levy under plaintiff's attachment, that he then said he levied upon the entire stock of goods in the storehouse, but did not move them, and the deed of assignment was immediately executed by the defendant and claimant and delivered, together with the key to the store where the assigned property was, to the assignee.

The testimony further showed that claimant's attorney denied that the officer had made a valid levy prior to the assignment, and the assignee said he would hold the

[Inman, Smith & Co. v. Schloss.]

goods for the sheriff provided the levy was valid, and the next day refused to give them up, and didn't give a claim bond until the officer insisted upon moving them out. The assignee remained in possession of the entire goods in the store until other attachments were levied upon the property and taken in possession by the sheriff, who, after making an inventory, turned them back to the assignee upon his giving claim bonds. The goods returned as levied on were in boxes and on the shelves, and what they were, was not ascertained unless the inventory, afterwards taken by the sheriff of the stock, identified them.

Upon the introduction of all the evidence, the plaintiffs requested the court to give to the jury, among other charges, the general affirmative charge in their favor, and separately excepted to the court's refusal to give each of the charges as asked.

There were verdict and judgment for the claimant. The plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

A. H. MERRILL, G. L. COMER and P. B. McKENZIE, for appellant.—The claimant claims title to the goods levied on solely and alone under said deed of assignment, and the levy of plaintiffs' attachment was executed and complete before said deed of assignment was ever executed or delivered. The appellants were and are entitled to have the goods levied on applied to the satisfaction of their debt.—Code of Alabama, §§ 1735, 1736, 1814; *Elmes v. Sutherland*, 7 Ala. 262; *Holman v. Crane*, 16 Ala. 570; *Townsend v. Harwell*, 18 Ala. 301; *Johnson v. Thweatt*, 18 Ala. 751; *Denning v. Nelson*, 23 Ala. 801; *Ashley v. Robinson*, 29 Ala. 112; *Holt v. Bancroft*, 30 Ala. 193; *Price v. Masterson*, 35 Ala. 483; *Pierson v. Manning*, 2 Mich. 445; *Comer v. Heidelbach*, 109 Ala. 220; *Berney Bank v. Guyon*, 111 Ala. 491; 2 Story's Eq. Jurisprudence, 972, note 3.

S. H. DENT, JR., *contra*.—The question propounded on cross-examination to the officer making the levy, was proper: It called for a fact transpiring at the time of the transaction and constituted a part of the *res gestae*.

[Inman, Smith & Co. v. Schloss.]

The claimant being the assignee of the defendant was the legal owner of the property in controversy and entitled to the affirmative charge; hence the refusal to give the written charges requested by the appellants, if error, was without injury. This, upon the principle that a debtor may make an assignment of his property for his creditors, and if such an assignment contains illegal preferences, a court of equity will enforce the same for the equal benefit of all creditors; but in a court of law the assignment must be treated as it reads.—*Gay v. Strickland*, 112 Ala. 567, and authorities cited.

The assignment in this controversy is in the usual form. It parts absolutely with the control of the property, reserves no benefit whatever to the debtor, imposes no burden upon the creditors, requires the immediate conversion of the property into cash, and the payment of *bona fide* debts, and bears evidence that it is beneficial, not prejudicial to creditors. Therefore, it can not be attacked for fraud.—*Halsey v. Connell*, 111 Ala. 221. To hold that the insolvency of the debtor and the fact that the secured debts were due, defeated the assignment, would render entirely nugatory this method of conveyance by embarrassed debtors.—*Danner v. Brewer*, 69 Ala. 191.

HARALSON, J.—1. One of the questions in the case was, whether or not an alleged levy by the sheriff on the goods in question, under a writ of attachment sued out by appellants against the defendant in attachment, one J. Oppenheimer, was prior and superior to a deed of assignment executed by the defendant at or about the same time of the alleged levy, conveying to the claimant, H. Schloss, as trustee, the same goods for the benefit of specified creditors of said defendant. It is a question of competition for superiority between the attaching creditors, and the assignee in trust of said goods. The plaintiffs in attachment sought to show, from what occurred at the time, that the levy was complete, and that the goods were in the possession of the sheriff, before the said deed of assignment was executed; and the claimant, that said deed of assignment was executed and delivered by the defendant to said trustee, before the alleged levy

30

was made. The two were so nearly coincident, that it became a question of proof as to which was prior in point of time. The plaintiffs introduced evidence tending to show that the goods, after the alleged levy, were left by the deputy,—who was then asserting his possession and right of possession, by virtue of his levy,—with the assignee, Schloss, until the next day, as the agent of the officer; a fact the claimant denied and introduced evidence tending to disprove. After the examination in chief by plaintiffs of their witness, C. E. Cory, touching what occurred at the time, the claimant, on cross-examination, asked him: "Did we not deny, on or about the time the levy was made, that said levy was a valid one?" The court allowed this question, against the objection of plaintiffs, that it called for illegal and irrelevant evidence. The answer was, "You, S. H. Dent, Jr., did, but Schloss and Oppenheimer did not." Dent, as was shown, was then representing Schloss and Oppenheimer as their attorney. There was no error in allowing said question and its answer. It called for a part of the *res gestae* of the transaction, competent to be shown for the proper determination of the question of fact at issue. It tended to show, that the trustee made no such agreement as that sought to be proved,—to hold the goods after an alleged levy as the bailee of the officer making it.

2. In the absence of statutory restrictions, the right of a debtor to execute a conveyance or assignment for the benefit of creditors, giving preference to one or more of his creditors over others, and which amounts to an absolute exclusion, even of the non-preferred creditors, is universally recognized. This power, says Mr. Burrell, has always been recognized and approved in the fullest manner, both by the State and Federal courts, as well as by most American jurists. And the right extended to general as well as to partial assignments to a trustee for the benefit of the debtor's creditors with preferences, and by insolvents as well as by those who were solvent. Burrell on Assignments, § § 13, 128. It was said by this court in *Perry Ins. & T. Co. v. Foster*, 58 Ala. 502, 513: "It is conclusively settled, that a debtor in failing circumstances, or actually insolvent, has the right of pref-

erence among his creditors.  He may assign his property
for the payment or security of one to the exclusion of all
others.   Prior to the Code, the only limitation on this
right of preference was, that the property transferred
should be devoted, absolutely and unconditionally, to
the payment of the preferred debts, without reservation
to the debtor of any personal benefit.   The whole or a
part of his property could be assigned and appropriated
to his creditors in equal or unequal proportions."—
*Shealy v. Edwards*, 75 Ala. 418; *Crawford v. Kirksey*,
50 Ala. 590.   See other authorities to the same effect, col-
lated in 1 Brick. Dig. 128, § 75.   The only statutory limi-
tation on this right is, that in cases of general assign-
ments, conveyances creating preferences are converted
into a security for the equal benefit of all the debtor's
creditors.—Code, § 2158 (737) ; *Gay v. Strickland*, 112
Ala. 567.   But, as we have also held, this statute was in-
tended to operate upon conveyances or transfers of *all*
the defendant's property for the security of his creditors,
as distinguished from conveyances or transfers of parts
of it for that purpose.   Such *partial* assignments are
not within the operation of the statute, except when exe-
cuted, other and successive transfers or conveyances are
contemplated and afterwards executed, covering all the
debtor's property, in which event, they will be construed
as forming a general assignment, upon which the statute
will operate.   Partial assignments, stand, therefore, un-
touched by the provisions of the Code on that subject.—
*Hall v. Bancroft*, 30 Ala. 193; *Stetson v. Miller*, 36 Ala.
642; *Danner v. Brewer*, 69 Ala. 191, 200; *Bell v. Goetter*,
106 Ala. 462, 470.

As we have seen, this privilege is not taken from an
insolvent, and the mere fact of insolvency of the as-
signor, and that his failing condition was known to the
assignee and beneficiaries under the deed, does not, of it-
self, make the deed fraudulent under another statute,
declaring all conveyances or assignments in writing or
otherwise of any estate or interest in real or personal
property, made with the intent to hinder, delay or de-
fraud creditors, to be void.—Code, § 2156 (1735).   But
assignments, whether general or partial, are void when

made with the intent denounced by this statute, and only then. Although the effect of an assignment is to disappoint, hinder and delay other creditors in resorting to the property conveyed for the satisfaction or security of their debts, it will not, on that account alone, be held to have been executed with the intent to hinder, delay and defraud such creditors.—*Young v. Dumas,* 39 Ala. 60; *Marshall v. Croom,* 60 Ala. 121; *Warren v. Jones,* 68 Ala. 449; *Shealy v. Edwards,* 75 Ala. 412; *Truss v. Davidson,* 90 Ala. 359; *Ellison v. Moses,* 95 Ala. 221.

In the case in hand, the assignor in the deed of partial assignment, parted absolutely with the property assigned, reserved no possible benefit to himself, imposed no burdens on the creditors, and required the assignor to sell or dispose of the property conveyed with all convenient and reasonable diligence, either at public or private sale at the best obtainable prices, and apply the proceeds to the debts of the creditors mentioned, if sufficient therefor, and ratably, if not, and if more than sufficient to pay them, then to pay the balance to all other creditors of the assignor in proportion to the amount of their respective claims. It was also shown, that the debts mentioned in the deed as owing by the assignor were valid and *bona fide,* and were in amount larger than the value of the goods assigned.

It is settled in this State, that the assent of creditors will be presumed to a deed of assignment, which appropriates the property conveyed by it, absolutely and unconditionally to the payment of their debts,—the instrument being free from fraud or illegality, and containing nothing which can be construed as prejudicial to their rights.—*Truss v. Davidson,* 90 Ala. 359; 1 Brick. Dig., 129, § § 87, 89; *Halsey v. Connell,* 111 Ala. 221.

3. To constitute the levy of an attachment on personal property, as we have repeatedly held, the officer must assume dominion over it. He must not only have a view of the property, but he must assert his title to it by such acts as would render him chargeable as a trespasser, but for the protection of the process.—*Abrams v. Johnson,* 65 Ala. 465; *Kennedy v. Mary L. C. & R. Co.,* 93 Ala. 495. An inventory of the property seized, for

the protection of the officer, to sustain the *bona fides* of the transaction, and to identify the property in case of doubt or litigation concerning it, is proper but not essential. An actual taking does not imply an actual touching. An assertion by the officer that he levies or takes property by virtue of a writ in his possession, if the property is within his view, and power to assert immediate dominion over it, and if necessary, take it into his custody, will be deemed an actual taking of it.—Herman on Executions, § 161; Freeman on Executions, § § 260, 262, 263; Murfree on Sheriffs, § 523. It is not necessary that the property be removed by the officer, but it must, in all cases, be put out of the control of the debtor, and the officer should assume control and keep the same in his charge, or in the charge of some one for him. His possession must not be temporary in its character, but must be continuous as long as the attachment remains in force,—so continuous, that the property cannot be removed or disturbed without his knowledge or that of his bailee in charge, otherwise, it will be regarded as abandoned.—Murfree on Sheriffs, § § 261, 642; Croker on Sheriffs, § 369; Harlow on Sheriffs and Constables, § 99; 2 Freeman on Executions, § 262.

At first view our impression was that an inference might be drawn from the evidence, and that it was, therefore, a question for the jury, that the deed of assignment was delivered to the assignee, Schloss, prior in point of time to the levy on the goods by the sheriff, and that, if the levy had first been made, that the officer, thereafter, abandoned the levy. But, upon a more careful examination we are driven to the conclusion, that that impression, as to both these propositions, was erroneous. The plaintiff's evidence is direct and positive as to these issues, and leaves no doubt as to the priority of the levy, and that there was no abandonment of it The evidence of claimant's witnesses, when closely scrutinized, though not so positive, does not conflict with the testimony of the plaintiff's witnesses. We do not deem it necessary to go to the length and trouble of an extended discussion of the evidence, but are content with the announcement of our conclusions. It follows, the

[Southern Railway Co. v. Bush.]

general charge as requested by plaintiff and refused should have been given. We may, therefore, pass, as unnecessary, the consideration of other assignments of error.

Reversed and remanded.