# Pippin *v.* Tapia, *et al.*

*Bill by Creditor to Set Aside Conveyance for Fraud.*

(Decided Nov. 15th, 1906.　42 So. Rep. 545.)

1. *Fraudulent Conveyance; Consideration.*—The wife commenced divorce proceedings against the husband, and obtained injunction against his disposing of his property. Afterwards she agreed to discontinue her suit for divorce and entered into a contract with him whereby he agreed to cease drinking and to properly support her and she agreed to live with him, provided he executed to her a deed to certain property, to be

[Pippin v. Tapia, et al.]

placed in escrow, to be delivered to her upon his breaking
the agreement. Held, such deed is not voluntary, nor a fraud
on creditors, though the property conveyed was worth more
than the alimony she might have obtained.

2. *Same; Knowledge of Grantee.*—A conveyance, even if it be of
substantially all of grantor's property, and made with fraud-
ulent intent, if it be for a valuable consideration, will not be
set aside at the suit of a creditor unless it is shown that the
purchaser knew of and participated in the fraudulent intent.

APPEAL from Greene Chancery Court.
Heard before HON. THOMAS H. SMITH.

Complainant sought ,as a creditor of Ed. Pippin, to
have declared a conveyance made by Ed. Pippin to Min-
nie Pippin voluntary and fraudulent and void, and to
fasten a lien in favor of complainant upon the lands
described in the bill, or, in the event the court deter-
mined that Ed. Pippin in his then financial condition
had the right to make provision for his wife, to ascertain
to what extent the said Pippin had that right, taking
into consideration his financial condition, and to have
the court ascertain the value of the land deeded by Ed
Pippin to his wife, and, if the value of said lands ex-
ceed the amount said Pippin had the right to provide for
his said wife, then and in that event to have said deed
held voluntary and fraudulent and void as to said excess
and set aside as to such excess, and to have a lien fixed
on the land for said excess.

DEGRAFFINRIED & EVIN, and McQUEEN & HAWKINS,
for appellant.—The deed from Ed Pippin to Minnie Pip-
pin is absolutely without consideration and is wholly
null and void.—*Sayles v. Sayles,* 53 Am. Dec. 208;
*Mucklenburg v. Heller,* 92 Am. Dec. 345; 2 A. & E. Ency.
of Law, (2nd Ed.) 127, note 2. The deed was void in
excess of one-third of Pippin's property as against ap-
pellant's claim.—*Gordon v. Tweedy,* 71 Ala. 207; *Cald-
well v. King,* 76 Ala. 149; *Sides v. Scharff,* 93 Ala. 106;
*Mobile Savings Bank v. McDonald,* 89 Ala. 434. It is
well settled that the deed could convey no title and could
not become effective for any purpose until delivered to
Minnie Pippin.—*Frisbie v. McCarty,* 1 S. & P. 56; *Ful-*

*ler v. Hollis,* 57 Ala. 435; *Ellsberry v. Boykin,* 65 Ala. 336; *Cherry v. Harrin,* 83 Ala. 458.

HARWOOD & McKINLEY, for appellee.—A motion to dismiss for want of equity, should be granted—when admitting all the facts apparent on the face of the bill, the bill is still without equity.—*Blackburn v. Fitzgerald,* 130 Ala. 584.

The bill fails to allege that Ed A. Pippin, the alleged fraudulent grantor, owned the property described in the deed which is here assailed; the bill therefore fails to show that the complainant has been or can be hindered, delayed or defrauded by the execution of said deed, and the bill is therefore without equity.—*Jones v. Latham,* 70 Ala. 164 (167); *Moorer v. Moorer,* 87 Ala. 545 (547).

The conveyance here assailed is not voluntary, but on the other hand is based upon a valuable consideration.— *Bibb v. Freeman,* 59 Ala. 612 (615); *Earley v. Lane,* 68 Ala. 174; *Adams v. Adams,* (N. Y.) 43 Am. Rep. 675; *Allen v. Prater,* 30 Ala. 459; *Wyatt v. Evans,* 52 Ala. 287; *Colvin v. Colvin,* 2 Paige 285; *Jodrell v. Jodrell,* 9 Beav. 45; *Hobbs v. Hull,* 1 Cox Ch. Cas. 445; *Goodman v. Simonds,* 20 Howard, 343; *Barbour v. Barbour,* 49 N. J. Eq. 429.

Not only is the consideration a valuable one, but "no consideration can be named of higher importance."— *Barbour v. Barbour,* 49 N. J. Eq. 429. And not only this, but it has been *expressly decided* that a conveyance based upon such consideration can not be successfully attacked by a creditor of the husband.—*Hobbs v. Hull,* 1 Cox Ch. Cas. 445. In order to give the bill equity, it must have *alleged* that the conveyance was executed by the grantor "with the intent to hinder, delay or defraud."—*Hager v. Shindler,* 29 Cal. 48; *Allen v. Riddle,* 37 So. 680. The bill therefore contains no equity, and was properly dismissed on the motion.—*Harrell v. Mitchell,* 61 Ala. 270; 14 A. & E. Enc. Law, (2nd Ed.) 224, 225.

Unless it be alleged that the deed was executed by the grantor with the intent to hinder, delay or defraud his creditors, and that the grantee knew of and participated in such fraudulent intent—then the bill is without equi-

ty.—*Simmons v. Shelton,* 112 Ala. 291; *Lee v. Abbe,* 1 Am. Dec. 78.

A fraudulent conveyance is not *void, but voidable only,* and may be ratified by the creditors. Whether this conveyance be fraudulent or not, the complainant has ratified it by accepting and retaining benefits under it, and he can not therefore impeach it.—*Robbins Fry v. Wooten,* 128 Ala. 373; *Kahn v. Peter,* 104 Ala. 531; *Butler v. O'Brian,* 5 Ala. 322; *Robinson v. Pebworth,* 71 Ala. 247; *Godden v. Pierson,* 42 Ala. 371; *Pickens v. Yarbrough,* 30 Ala. 408.

The cases of *Kahn v. Peter,* 104 Ala. 531, and *Pickens v. Yarbrough,* 30 Ala. 408, are decisive of this case.

The consideration for the deed was both valuable and adequate; and no new consideration was needed to give it validity, when it was delivered to the grantee by the depositary.—11 A. & E. Enc. Law (2nd Ed.) 335 and 345; *White Star Line v. Morange,* 91 Ala. 611; *Feigley v. Feigley,* 61 Am. Dec. 379; *Pope v. Brandon,* 2 Stew. 401; *Shealey v. Edwards,* 75 Ala. 418; *Barbour v. Barbour,* 49 N. J. Eq. 429; *Hobbs v. Hull,* 1 Cox Ch. Cas. 445.

HARALSON, J.—Minnie Pippin and Ed A. Pippin, according to the averments of the bill were, up to the fall term, 1900, of the chancery court of Greene county, lawful husband and wife; that said Minnie, on a bill theretofore filed by her against her said husband in said court for the purpose, obtained a decree divorcing her from him, and they did not, thereafter, live together as man and wife.

In the said bill, said Minnie prayed not only for a divorce, but for alimony and counsel fees, and in aid of her said suit, she prayed for and procured an injunction to be issued against her said husband, whereby he was enjoined from disposing of any of his property pending the suit.

Prior to filing her bill for divorce, the said Minnie had abandoned her husband, and went to Montgomery to live. After the filing of the bill and the issuance of said injunction, the said Ed A. Pippin went to Montgomery, and without knowledge or consent of plaintiff, who was

a creditor of said Ed A. Pippin, as the bill alleges, entered into a contract with his said wife, and executed the deed which is sought to be set aside in this case. The said deed was a part and parcel of said contract, and the two were executed at the same time. The deed was placed in the hands of a law firm, as an escrow, to be delivered to said Minnie, whenever her said husband violated the terms of said agreement. The contract further recited, "that E. A. Pippin has and does hereby agree to amend his habits and cease all use of intoxicating liquors, and has agreed and does hereby agree, in consideration of the agreement hereinafter (in this contract) made by said Mrs. Minnie Pippin, to execute a deed to an undivided one-half interest in certain lands in said Greene county, Alabama, which are described in said deed, with the condition that such deed, is to be deposited in escrow, with Messrs. Hill & Hill, attorneys, in the city of Montgomery, to be delivered to the said Mrs. Minnie Pippin, whenever the said E. A. Pippin shall violate his promise to cease the use of all spirituous liquors, a copy of which deed is hereto attached and made a part of this agreement; and should the said E. A. Pippin faithfully, in letter and spirit, keep said promise for two years from the date of this instrument, then the said Hill & Hill are to return said deed to said E. A. Pippin. The said E. A. Pippin further agrees to support and maintain his said wife in all things as she should be, and should he fail in this respect, he agrees that Hill & Hill shall then deliver as a perfect conveyance, said deed to said Mrs. Minnie Pippin. The said E. A. Pippin also agrees to pay the counsel fees and costs, for which Mrs. Pippin is liable in said divorce suit, said counsel fees amounting to eighty dollars."

In consideration of this agreement and the execution of said deed, Mrs. Pippin agreed to return and live with her said husband as long as he should keep his promise to cease the use of intoxicating and spirituous liquors; to have the injunction in said divorce suit dissolved and continue said divorce suit for the period of two years, and if her said husband should keep his agreement as to intoxicating liquors during that time, to dismiss her said suit. It was further agreed, that should Mrs. Pip-

pin at any time during the period of two years, make affidavit that her said husband had violated his promise as to the use of intoxicating liquors, or failed to support and maintain her as stipulated in said contract, and present and file the same with Messrs. Hill & Hill, or either of them, that this should be sufficient and perfect evidence of the fact, and said Hill & Hill should thereupon at once, deliver said deed to Mrs. Pippin as a perfect and complete conveyance, which agreement should be recorded in the office of the judge of probate of Greene county.

It is alleged that about March, 1900, Mrs. Pippin made an affidavit before an officer duly authorized to administer it, that her said husband had violated his said agreement not to drink intoxicating liquors, and delivered the same to Messrs. Hill & Hill, who immediately delivered said deed to her, and she, immediately filed said deed and affidavit in said probate office, where they were duly recorded.

The bill alleges that the said E. A. Pippin is insolvent, and rendered himself so by the execution of said deed, and has remained insolvent ever since.

The complainant, being a creditor of said E. A. Pippin, by his bill assails said deed as a voluntary conveyance, made without valuable consideration, and that it is null and void as to complainant; that the property conveyed in said deed is of the value of $1,500 in excess of the amount said Pippin had the right to convey to his wife in lieu of alimony, and as to such excess the deed was voluntary.

The deed was not voluntary. A voluntary deed is one "founded merely and exclusively on a good, as distinguished from a valuable consideration, on motives of generosity and affection, rather than on a benefit received by the donor, or detriment, trouble, or prejudice to the donee. If the donor receives a benefit, or the donee suffers detriment, as the consideration of the conveyance, the consideration is valuable, not good merely. However inadequate such consideration may be—however trivial the benefit to the one, or the damage to the other, the conveyance is not voluntary."—*Bibb v. Freeman,* 59 Ala. 615; *Early & Lane v. Owens,* 68 Ala. 174.

That E. A. Pippin received value for the deed he executed to his wife cannot be well questioned. He procured the dissolution of the injunction against his making sale of any of his property, during the pendency of the suit against him by his wife for a divorce. The dissolution of the injunction was also a detriment to Mrs. Pippin, as she placed the property in the hands of her husband, who might thereby defeat the recovery from him of alimony and maintenance. The settlement of the affairs between husband and wife, such as existed between these parties, was a consideration for the execution of said deed of inestimable value, particularly to the husband, and one to be encouraged and not condemned. —*Barbour v. Barbour*, 49 N. J. Eq. 429, 24 Atl. 227; *Adams v. Adams*, (N. Y.) 43 Am. Rep. 675; *Hobbs v. Hull*, 1 Cox Ch. Cas. 444; *Jodrell v. Jodrell*, 9 Beav. R. Ch. Cases, 45.

The bill does not aver that the deed was made "with the intent to hinder, delay or defraud" the defendant, or any creditor of the grantor, and even if the bill contained such an allegation, and it were proved, the sale could not be set aside at the instance of a creditor, where a valuable consideration had been paid for the property, unless it were averred and shown, that the purchaser knew of and participated in the fraudulent intent of the seller. The burden of making this proof is on the attacking creditor.—*Simmons v. Shelton*, 112 Ala. 291, 21 South. 309, 57 Am. St. Rep. 39. "An embarrassed or insolvent debtor may sell his property, and if the sale be an honest one, in good faith, and for a valuable consideration, it is not void."—14 Am. & Eng. Ency. Law (2d Ed.) 204; *Allen v. Riddle*, 141 Ala. 621, 37 South. 680.

It is claimed that the value of the property conveyed was in excess of the alimony by $1,500. The defendant was entitled, if successful in her divorce suit, to temporary and permanent alimony and to counsel fees. For a wife to give up what this one did, in entering into said contract, and surrendering the rights she did, was a legitimate subject of contract between her and her husband. Even if she demanded a large price to again conditionally submit herself to a husband who had blighted her life by debauchery in strong drink, on his promise

of reformation, taking the deed he executed to her as an earnest of his good faith and fidelity, a court of equity would be very unwilling to set the deed aside, even if the consideration she demanded and received was more than the alimony that might have been awarded to her, if she had never entered into such a contract. The consideration for such a surrender on her part was a matter of legitimate dealing between her and her husband, if fairly and not fraudulently conducted by her, and if she demanded much for so doing, the creditors of the husband have no right to complain of her. It was the same as a purchase for cash on her part, entered into with no fraudulent intent, so far as appears.

It is charged that the grantor in said deed, conveyed substantially all his property to his wife. If that, were a fact, it made no difference under the averments of the bill, so far as she was concerned, but, by these averments, it appears that said Pippin owned other properties besides that embraced in said deed, to the value of between eight and nine hundred dollars.—*Shealy v. Edwards*, 75 Ala. 412; *Inman v. Schloss*, 122 Ala. 468, 25 South. 739.

No error appearing, the decree of the court is affirmed·
Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.