(83 South. 481)

BOUTWELL et al. v. SPURLIN MERCANTILE CO.   (4 Div. 809.)

(Supreme Court of Alabama.   Nov. 27, 1919.)
</div>

1. FRAUDULENT CONVEYANCES ⬅277(1), 283 —BURDEN OF PROOF AS TO CONSIDERATION AND NOTICE TO GRANTEE OF GRANTOR'S INTENT.

In a creditor's suit to subject property fraudulently conveyed by his debtor, when the complainant has shown that his debt antedates the conveyance, the grantee must then show that he paid valuable consideration, substantial, and not merely nominal, and thereupon the complainant must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors.

2. FRAUDULENT CONVEYANCES ⬅295(4)—ANTECEDENT DEBT NOT SHOWN BY SUBSEQUENT JUDGMENT.

That the grantor's debt to complainant was in existence when the alleged fraudulent conveyance was made was not shown by the mere exhibition in evidence of a judgment rendered thereon at a later date.

3. EVIDENCE ⬅354(5)—LEDGER ENTRIES NOT ADMISSIBLE UNLESS ORIGINAL.

Ledger entries are not admissible in evidence unless they are the original entries of the transactions in question.

4. WITNESSES ⬅255(7) — LEDGER ENTRIES PROPERLY USED TO REFRESH RECOLLECTION.

A witness may use ledger entries made by himself as memoranda to refresh his recollection, although such entries are not the original entries of the transactions in question.

5. FRAUDULENT CONVEYANCES ⬅74(1) — DEEDS OF GIFT CONSTRUCTIVELY FRAUDULENT AS TO PRIOR DEBTS.

Deeds of gift are constructively fraudulent and void as to prior claims of indebtedness against the grantor.

6. HOMESTEAD ⬅57(1)—BURDEN IS ON GRANTEE TO SHOW EXTENT OF HOMESTEAD.

In an action by creditors to subject property fraudulently conveyed by the debtor, where grantee claimed that the property was grantor's homestead and within the limit of $2,000, the burden of proof as to the value of the homestead was on the grantee.

7. APPEAL AND ERROR ⬅1011(1)—FINDINGS OF TRIAL COURT ON EVENLY BALANCED EVIDENCE NOT DISTURBED.

Where the testimony on an issue, pro et con, is apparently about evenly balanced, and was

taken viva voce before the trial judge, the appellate court could not be justified in overruling his finding thereon.

**8. HOMESTEAD ⬅⮞199 — ALLOTMENT OR SALE WHERE LAND EXCEEDS VALUE ALLOWED.**

Where the value of property claimed as a homestead exceeds the $2,000 limit, the homestead exemption can be made judicially cognizable only by a selection within the limit, if separable, or, if not, by an allotment of $2,000 of the proceeds of the sale, as provided by Code, §§ 4187, 4188.

**9. HOMESTEAD ⬅⮞150(1) — NO EXEMPTION IN FAVOR OF GRANTEE IN ABSENCE OF FORMAL CLAIM BY OWNER.**

Where grantor, who lived on a half-acre tract worth about $1,000, and in connection therewith used a noncontiguous 80-acre tract worth about $2,000, the two tracts constituting his actual homestead, divided the 80-acre tract into eight parts and conveyed them severally to his children by deeds contemporaneously executed, himself retaining the house and lot, and soon thereafter died, his widow surviving him, the homestead right of the grantor could not thereafter be demarcated and rendered available to the children in a creditors' suit to subject the 80-acre tract to payment of grantor's debts under a claim that the conveyances were in fraud of creditors.

**10. PLEADING ⬅⮞8(15)—FACTS CONSTITUTING FRAUD MUST BE ALLEGED.**

In a creditors' suit to subject property alleged to have been fraudulently conveyed by the debtor, the bill is defective and demurrable where it omits to state the facts constituting the fraud charged.

**11. FRAUDULENT CONVEYANCES ⬅⮞263(4) — BILL MUST ALLEGE GRANTEES PARTICIPATED IN FRAUDULENT PURPOSE.**

In order to set aside a conveyance as being in fraud of creditors, the bill must allege that the grantees participated in the fraudulent purpose of their grantor.

**12. EQUITY ⬅⮞223—BILL DEFECTIVE IN ALTERNATIVE ASPECT SUBJECT TO DEMURRER.**

A bill to set aside a conveyance as in fraud of creditors, which alleged that no consideration passed for the conveyances in question, "but, if complainant is mistaken in this, then it alleges that all of said conveyances and transfers were simply the means adopted by said B. to hinder, delay, and defraud this complainant," being defective in the alternative aspect, was defective as a whole, and a demurrer should have been sustained.

**13. APPEAL AND ERROR ⬅⮞1040(10) — OVERRULING DEMURRER TO WHOLE FOR DEFECT IN PART HARMLESS UNDER THE FACTS.**

Where a bill to set aside a fraudulent conveyance alleged that no consideration passed for the conveyance in question, "but, if complainant is mistaken in this, then it alleges that all of said conveyances and transfers were simply the means adopted by said B. to hinder, delay," etc., it was not prejudicial error to overrule a demurrer to the bill as a whole, the bill being defective in the alternative aspect, where the proof was without dispute that grantees were mere donees of their respective interests in the land, and were concerned only with the issues arising under the first aspect of the bill.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by the Spurlin Mercantile Company against J. T. Boutwell and others to declare a conveyance fraudulent and void as made to hinder and delay creditors. Decree for complainant, and respondents appeal. Affirmed.

The facts sufficiently appear from the opinion.

J. A. Carnley, of Elba, for appellants. Complainant was a subsequent judgment creditor, and the allegations of the bill were insufficient. 105 Ala. 612, 18 South. 79; 155 Ala. 619, 47 South. 93; 167 Ala. 461, 52 South. 402; 117 La. 863, 42 South. 355. The bill was insufficient in its allegations of fraud in either alternative of paragraph 6. 75 Ala. 363; 58 Ala. 627. The evidence disclosed that the land was a homestead, and at the time of the conveyance was worth not exceeding $2,000. 128 Ala. 560, 29 South. 552; 100 Ala. 202, 14 South. 9; 107 Ala. 170, 18 South. 396; 137 Ala. 297, 34 South. 622; 75 Ala. 404; 117 Ala. 432, 23 South. 521.

E. O. Baldwin and J. L. Murphry, both of Andalusia, for appellee. Counsel discussed authorities cited by appellant, and insist that they support the allegations of the bill and the judgment of the court.

SOMERVILLE, J. [1] In a creditor's suit to subject property fraudulently conveyed by his debtor, "when the complainant shows that his debt antedates the conveyance, the grantee must then show that he paid a valuable consideration—substantial, and not merely nominal. Thereupon the complainant must show that the grantee had notice of an intent by the grantor to hinder, delay, or defraud his creditors." London v. Anderson Brass Works, 197 Ala. 16, 72 South. 359.

[2] The bill of complaint in this case alleges that the grantor's debt to complainant was in existence when the conveyances in question were made to the several respondents on February 24, 1910. This allegation was, of course, not supported by the mere exhibition of a judgment rendered thereon at a later date. Lawson v. Ala. Warehouse Co., 73 Ala. 289. But the president of the complainant corporation testified that he had personal knowledge of the prior existence of the account; and the bookkeeper who sold the merchandise testified to the fact of the sale and the price charged therefor, after refreshing his recollection by examination of the ledger entries made by himself.

[3, 4] The ledger entries, not being the

original entries of the transactions in question, were not admissible as evidence of the account, but were properly used by the witness as memoranda to refresh his recollection.

The prior existence of the account against respondents' grantor was therefore prima facie shown by the testimony referred to, and the burden was cast upon respondents to show its payment or nonexistence, as to which no evidence seems to have been adduced.

[5] The several conveyances by which the grantor disposed of the 80-acre tract were mere deeds of gift, and were constructively fraudulent and void as to complainant's prior claim of indebtedness against the grantor, unless, by reason of its homestead character, it was not subject to the payment thereof.

Respondents' answer set up the claim that this tract was at the time of these conveyances a part of the grantor's homestead, and that this homestead was less than 160 acres in area and $2,000 in value, and that, being exempt as a homestead, its conveyance could not be in fraud of creditors. Pollak v. McNeil, 100 Ala. 203, 13 South. 937.

The trial court held, upon the evidence adduced, that the value of the homestead in question was in excess of $2,000, and that the 80-acre tract was therefore subject to the debt, and ordered that so much of it be sold by the register as might be necessary, "by selling each of said 40's separately, unless the sale of one of them is sufficient."

[6, 7] The burden of proof as to the value of the homestead within the limit of $2,000 was on respondents. The testimony on this issue, pro et con, is apparently about evenly balanced, and, having been taken viva voce before the trial judge, we would not be justified in overruling his finding that the entire homestead of the grantor, including the small tract of his residence and the 80-acre tract here in question, was in 1910 worth substantially in excess of $2,000, and was, as to such excess, subject to the payment of the grantor's debts.

[8, 9] It is insisted on behalf of appellants that the final decree was erroneous at least in its failure to limit the satisfaction of complainant's judgment to the excess value of the value of the homestead, and to protect its exempt value of $2,000 in favor of the respondent grantees.

"Where the area and value of the homestead does not exceed the limit allowed by law as exempt, and it is not a part or parcel of a larger portion of land, a selection is unnecessary." Pollak v. McNeil, 100 Ala. 203, 13 South. 937.

But where, as here, the value does exceed the limit, the homestead exemption can be made judicially cognizable only by a selection within the limit, if separable, or, if not, by an allotment of $2,000 of the proceeds of sale, as provided by sections 4187 and 4188 of the Code. Such proceedings, however, are based upon a formal claim of the exemption by the owner and its contestation by a creditor.

The case here presented is peculiar. Respondents' grantor lived on a half-acre tract, worth, we may say, about $1,000, and in connection therewith used a noncontiguous 80-acre tract, worth, we may say, about $2,000, the two tracts thus constituting his actual homestead. He divided the 80-acre tract into eight parts and conveyed them severally to his children by deeds contemporaneously executed, himself retaining the house and lot. Soon afterwards he died, his widow surviving him. In such a situation we know of no means by which the homestead right of the original owner can now be demarcated and rendered available to these respondents.

Appellants insist that there was error in the action of the trial court in overruling their demurrer to the bill of complaint, especially as to the sufficiency of its allegations of fraud in paragraph 6. The first allegation is that no consideration passed for the conveyances in question, but that the consideration expressed in each of the deeds was simulated; "but [the bill proceeds], if complainant is mistaken in this, then it alleges that all of said conveyances and transfers were simply the means adopted by said W. J. Boutwell to hinder, delay, and defraud this complainant, and to place his property out of the reach of an execution," etc.

[10, 11] As pointed out by the demurrer, the second aspect of the bill was defective in its omission to state any facts constituting the fraud charged, and more particularly in its entire failure to charge any participation by the several grantees in the fraudulent purpose of their grantor. Pippin v. Tapia, 148 Ala. 353, 42 South. 545; Martinez v. Meyers, 167 Ala. 456, 52 South. 592; Curran v. Olmstead, 101 Ala. 692, 14 South. 398.

[12] The bill being defective in this alternative aspect, the entire bill was defective, and the demurrer was properly addressed to the bill as a whole. Henry v. Tenn. Live Stock Co., 164 Ala. 376, 51 South. 1029, and cases cited. The demurrer should therefore have been sustained.

[13] However, these appellants, as to the matters here concerned, were not prejudiced by this erroneous ruling, since the proof is clear and without dispute that they were mere donees of their respective interests in the land, and were concerned only with the issues arising under the first aspect of the bill, which was sufficiently pleaded. It would be a useless ceremony to send the cause back for an amendment of the bill and a retrial upon the same evidence, upon which the same result would necessarily be reached.

Finding no prejudicial error in the record, the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.