# Martinez, *et al. v.* Meyers, *et al.*

*Bill to Correct Executor's Items of Account.*

(Decided May 12, 1910.   52 South. 592.)

1. *Executors and Administrators; Accounting; Decree; Vacation; Fraud.*—Where a bill to correct certain items of account because of mistake of law or fact in a settlement induced by the fraud of a guardian, alleges the investment of some of complainant's funds in certain stocks and bonds and that the respondent

[Martinez, et al. v. Meyers, et al.]

guardian held the proceeds of the bonds and only accounted for the stocks, and so framed the accounting as to fraudulently mislead the court and the complainant into the belief that all that had been received as the result of the investment had been accounted for. and that complainants were ignorant until after the settlement as to the bonds purchased with the stock, which respondent fraudulently concealed from her account and inventory on final settlement, states a good cause for equitable relief.

2 *Same; Probate Decree; Revision.*—Section 3914, Code 1907, was not intended merely to authorize the chancery court to revise a probate decree by correcting errors committed when all the parties were cognizant of the fact.

3. *Fraudulent Conveyance; Bill to Set Aside; Knowledge of Grantee.*—A bill to set aside a conveyance as fraudulent, but not voluntary, is defective if it fails to aver that the grantee knew of or participated in the fraud.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Mary J. Martinez and others against Elizabeth D. Meyers and others, to correct certain items of account in a probate settlement, and for other purposes. Demurrer was sustained to the bill and complainants appeal. In part affirmed and in part reversed and remanded.

BROOKS & STOUTZ, for appellant. The bill was properly filed under sections 3914 and 3916, Code 1907. Independent of the statute fraud in procuring a judgment is a matter of equitable cognizant and remedial jurisprudence.—23 Cyc. 1025. The allegations make out a case for relief.—*Mock v. Steele*, 34 Ala. 198; *Humphries v. Burleson*, 72 Ala. 1; *Hall v. Pegram*, 85 Ala. 529; *U. S. v. Throckmorton*, 98 U. S. 61. One who by misrepresentation affirmatively made lulls the other party into feeling of security in relying thereon, cannot be heard to say it was possible to have detected the fraud at the time.—20 Cyc. 61-2. As to what constitutes fraud and neglect, see *Meadows v. Edwards*, 46 Ala. 354. That they did not know and suspect the falsity of the sworn statement is a fact of the strongest

kind and not a conclusion. Infants as a general rule cannot do an act which will amount to an estoppel.—*Gillespio v. Nabors,* 59 Ala. 442; 22 Cyc. 512. Their interests are especially entitled to protection.—22 Cyc. 562. This is especially true where confidential relations are shown *Paulling v. Craig,* 54 Ala. 652. Under the allegations of the bill the complainants were not negligent.—Authorities supra.

FITTS & LEIGH, for appellee. A judgment or decree rendered against an infant represented by a guardian ad litem is binding, and can be impeached only upon grounds which would be available if he were an adult. —*Warring v. Lewis,* 53 Ala. 615. If the contentions of the appellants were true, the bill would be multifarious and demurrable on this ground.—*Watts v. Frazer,* 80 Ala. 186. If the trustee makes profits by employing the funds in trade the cestui que trust may elect to take the profits or interests upon his fund. He cannot have both.—*Kyle v. Barnett,* 17 Ala. 306; *Malone v. Kelly,* 54 Ala. 532. The case of *Warring v. Lewis, supra,* is almost identical with the case under consideration, and we might rest a decision of this case upon the authority of that. Granting that the lapse amounted to fraud, such fraud was not practiced in the act of obtaining the judgment or decree, but was all done at the time of filing the statement.—*Watts v. Frazer, supra; Waldron v. Waldron,* 76 Ala. 285; *Roebling v. Stevens E. Co.,* 93 Ala. 39; *Barron v. Robinson,* 98 Ala. 351; *Foshee v. McCreary,* 123 Ala. 493. The bill does not charge participation in the fraud or knowledge thereof on the part of the grantee, and hence was defective.—*Pippin v. Tapia,* 148 Ala. 353.

ANDERSON, J.—The bill in this case does not seek to vacate the decree of the probate court for fraud, but

proceeds under section 3914 of the Code of 1907 to correct the same as to certain items of the account, because of mistake of law or fact in the settlement induced by the fraud of the guardian, one of the respondents. The bill charges the investment of some of complainant's funds in certain street railway stock and bonds, and that the respondent Meyers held out the proceeds of the bonds, and only accounted for the stock, and so framed her account as to fraudulently mislead the court and the complainants into the belief that she was accounting for all they had as a result of the investment in the Meridian Street Railway Company; that complainants were ignorant until after the settlement as to the bonds being purchased with the stock, and which the respondent Meyers purposely and fraudulently concealed from them, and omitted from her account and inventory upon final settlement. As to this item, we think the bill contains equity.

It was not the purpose of this statute, however, to merely authorize the chancery court to revise the decree of the probate court by correcting errors committed when all parties were cognizant of the facts upon which they may have been predicated.—*Waldron v. Waldron,* 76 Ala. 285. It may be that after the marriage of the respondent Meyers, and the separation of the family, the complainants were, under section 4200 of the Code of 1907, entitled to their share of the exempt property; but the existence of said exemption was known to all parties and to the court at the time of the settlement. It was disclosed by the inventory marked "Exhibit G," and was known to the complainants and the court, when the settlement was had, and they had every opportunity, with a full knowledge of the facts, to make her account for said exempt property, and whether they can get their share in a subsequent proceeding or not we do not

[Martinez, et al. v. Meyers, et al.]

decide; but it is clear that the failure to have her account for same was not such an error as the present statute was intended to correct. For like reasons the item of interest of $30 omitted from the mortgage of $750 would not justify reopening the settlement. The note, coupons, and mortgage were all before the court, and by the exercise of proper diligence the omission of this item of interest was easily ascertainable.

The bill does not attack the conveyance from Meyers to her sister, Jane Drysdale, as being a voluntary one, but upon the ground that it was fraudulent, and failing to aver that the grantee knew of and participated in the fraud made it defective, and subject to the demurrers interposed.—*Pipin v. Tapia,* 148 Ala. 353, 42 South. 545.

The decree sustaining the demurrers going to the whole bill was error, as well as the one testing the street railroad stock and bonds, and is reversed in this respect, and one is here rendered overruling same. The decree sustaining the demurrers as to the other items of the account, and as to the conveyance to Drysdale, is affirmed. The cost of appeal will be equally divided between appellants and respondents.

Affirmed in part, reversed and rendered in part.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.