[Meyers, et al. v. Martinez, et al.]

# Meyers, *et al. v.* Martinez, *et al.*

### Bill to Reopen Guardianship Settlement.

(Decided May 30, 1911.  55 South. 498.)

1. *Fraudulent Conveyance; Bill; Notice to Grantee.*—A bill to set aside an alleged fraudulent conveyance, which alleges that complainants were creditors of the grantor when the conveyance was made, that the cash consideration recited in the deed was simulated, or that the consideration paid was grossly less than the real value of the property, and that the recited cash consideration over the assumed mortgage debt by the grantee was fixed and agreed on between the grantor and the grantee, as a means whereby the value of the property conveyed, over and above the recited consideration should be removed beyond the reach of the grantor's creditors, and that the grantee participated in such fraudulent purpose, sufficiently charges notice to the grantee, and participation in the fraud as to each alternative averment, and therefore neither was demurrable.

2. *Guardian and Ward; Investment; Profits.*—Where a guardian invests money belonging to the estate of his ward, without authority, the ward may elect to claim the benefit of the investment, or to disregard it, and charge the guardian with interest; but where a definite election is made to take the profits of the investment, and the guardian refuses to account for the profits, he becomes chargeable with interest on both principal and profit from the date of the ward's election.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Mary J. Martinez, et al., against Elizabeth Meyers, et al., to reopen guardianship settlement, to charge the guardian with certain items, and for other purposes. From a decree overruling the demurrers to the bill, respondents appeal. Affirmed in part, and reversed, rendered and remanded in part.

FITTS & LEIGH, for appellant. If there is any liability, it grows out of the fact that respondent kept complainant ignorant as to the purchase and existence of the bonds, and not out of the fact that she had failed to account for the full amount of money received from

the sale of stock, and she can be required now to account for the bonds only.—*Waring v. Lewis,* 53 Ala. 615; *Waldron v. Waldron,* 76 Ala. 285; *Barron v. Robinson,* 98 Ala. 351. ' They cannot claim the profits and the interest on the money.—*Kyle v. Barnett,* 17 Ala. 306; *Malone v. Kelley,* 54 Ala. 532; 2 Story Eq. Sec. 1262 et seq. The bill contained several alternative averments, and if either is insufficient, it is demurrable.— *Gurran v. Olmstead,* 101 Ala. 692. If the averments be true, the deed was not a voluntary conveyance, but one based upon a valuable consideration.—*Rogers v. Adams,* 66 Ala. 600; *Coleman v. Smith,* 55 Ala. 368. The bill fails to aver a sufficient knowledge of and participation in the fraud on the part of the grantee.—*Pippin v. Napier,* 148 Ala. 353; *Chapman v. Glennon,* 98 Ala. 263; *Montgomery-Moore Mnfg. Co. v. Leith,* 162 Ala. 246. Proof without allegation is as bad as allegation without proof.—*Gamble v. Altman,* 125 Ala. 372; *Wood v. Riley,* 121 Ala. 100; *Robinson v. Moseley,* 93 Ala. 70. The allegations of fraud is not sufficient.—*Little v. Stearn,* 125 Ala. 609; *Kidd v. Morris & Co.,* 127 Ala. 393; *Curren v. Olmstead, supra.*

BROOKS & STOUTZ, for appellee. Counsel discuss the jurisdiction of the probate court to grant the letters, and cite authority in support of their contention, but in view of the opinion it is not deemed necessary to here set them out. The bill as amended was sufficient to charge that the settlement was both fraudulently false and misleading, and that the guardian made a profit of over two thousand dollars.—*Mock v. Steele,* 34 Ala. 198; *Hall v. Pegram,* 85 Ala. 529; *Humphries v. Burleson,* 72 Ala. 1, and authorities cited. The bill sufficiently charged fraud in the conveyance, and the knowledge and participation therein of the grantee.—

*Guyton v. Terrell,* 132 Ala. 72; *Calhoun v. Hannon,* 87 Ala. 277; *Klein v. Miller,* 97 Ala. 507. Where the consideration is partially illegal, fictitious or fraudulent, the entire conveyance will be vitiated.—20 Cyc. 509; *Woods v. Potts,* 140 Ala. 425; *Kilkey v. Pollack,* 82 Ala. 509.

DOWDELL, C. J.—When this case was last here on appeal (to be found reported in 167 Ala. 456, 52 South. 592), the equity of the bill was sustained in so far as it sought to open up the final settlement of the guardianship in the probate court and to charge the guardian with the profits realized from the investment of her ward's money in the stock and bonds of the Meridian Light & Railroad Company, on the allegations of a fraudulent concealment by her of the facts in the making of said settlement; but as to other items of charges sought to be made against the guardian the bill was held to be subject to the demurrer interposed. The bill also was held to be insufficient in averment, and of consequence subject to demurrer in respect to the alleged fraudulent conveyance by Elizabeth Meyers to her corespondent, Mary J. Martinez, which was sought to be canceled. Since the remandment of the cause the bill has been amended by striking out the items or claims with which the guardian was held on former appeal not to be chargeable in this proceeding, and also amended by additional averments in respect to said alleged fraudulent conveyance.

As the bill now stands since amendment, it avers that the complainants were existing creditors of the grantor at the time of the making of the conveyance assailed for fraud, and that the cash consideration of $4,000, named in the deed, was simulated; and, if that is not true, the bill avers in the alternative that the consid-

eration paid was grossly less than the real value of the property, and that the recited cash consideration in the deed, over and above the assumed mortgage debt by the grantee on the property conveyed, was fixed and agreed on between the grantor and grantee as a means whereby the value of the said property conveyed, over and above the recited consideration, should be removed beyond the reach of the complainants as creditors of said defendant Meyers, and that the grantee participated in said fraudulent purpose, which was to hinder, delay, or defraud the complainants in the collection of their debts. The averments of the bill as amended, when fairly and reasonably construed, we think sufficiently charge notice and that the grantee participated in the alleged fraud; and this is so as to each alternative averment, and neither was therefore subject to demurrer.

The investment by the guardian of the funds of her ward's estate in the stock and bonds of the Meridian Light & Railroad Company, as shown by the bill, was a single transaction, and the guardian was liable to account for the profits arising from the investment. This is what the bill seeks to charge her with, and the facts concerning which the bill alleges she fraudulently concealed in making final settlements of her guardianship accounts in the probate court. In this respect the bill undoubtedly contains equity. The bill, however, does claim more. In addition to charging her with the profits arising out of the investment in the stock and bonds, it seeks to charge her with interest on the entire amount, principal sum and profits, after realizing on the sale of the bonds and stock from the date of such sale. In this respect the bill is objectionable, and open to the demurrer directed to this feature. Where the guardian without authority invests the money of his ward, the latter has the option to elect to claim the ben-

efit of such investment, or to disregard it and charge the guardian with interest. He cannot claim both profits and interest. But when a definite election is made to claim the profits, and the guardian refuses to account for the profits, then, in such event, we apprehend the law to be that the guardian is chargeable with interest on both principal and profits from the date of such election by the ward.

For the error indicated, the decree overruling the demurrer is reversed, and one will be here rendered sustaining the ground of demurrer going to that part of the bill which seeks to charge the guardian with both profits and interest, and in other respects the decree is affirmed.

Affirmed in part, and reversed, rendered, and remanded.

ANDERSON. SAYRE, and SOMERVILLE, JJ., concur.