## Martinez, et al. v. Meyers, et al.

### Bill to Correct Guardianship Settlement.

(Decided April 17, 1913.  61 South. 810.)

*Guardian and Ward; Investment; Liability for Profits.*—Where, by a single transaction, a guardian invested the funds of his ward in railroad stocks and bonds, and then sold the bonds for a sum equal to the amount invested, and afterwards sold the stock for $2,603.00, and fraudulently represented that the profit was only $100.00, he was liable for the balance of the proceeds of the stock.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Mary J. Martinez and others against Elizabeth D. Meyers and others to correct a guardianship settlement on the ground of fraud. From a decree sustaining demurrer to part of the bill, complainants appeal. Reversed, rendered, and remanded.

The allegations of the bill to which demurrers were sustained is that respondent, as guardian, invested a sum of money of the wards in bonds and stocks of a railroad company, the said transaction being single, and that she then sold the bonds alone for enough money to replace that invested, and had the stock left and that she later sold the stock for $2,603, which was all profit, but fraudulently represented that the profit was only

$103, and defrauded the wards out of the other $2,500. The bonds and stocks were in those of the Meridian Light & Railroad Company.

BROOKS & STOUTZ, for appellant. The bill was not subject to the demurrer, and the court was in error in sustaining the same.—*Meyers v. Martinez,* 172 Ala. 641; s. c. 167 Ala. 456; s. c. 162 Ala. 562.

LEIGH & CHAMBERLAIN, and WILLIAM C. FITTS, for appellee. The court properly sustained the demurrer. —*Martinez v. Meyer,* 167 Ala. 456.

McCLELLAN, J.—This is the fourth appeal in this cause.—*Meyers v. Martinez,* 162 Ala. 562, 50 South. 351; *Martinez v. Meyers,* 167 Ala. 456, 52 South. 592; *Meyers v. Martinez,* 172 Ala. 641, 55 South. 498. Under the authority of *Meyers v. Martinez,* 172 Ala. 641, 55 South. 498, the court erred in sustaining the demurrer "to so much of the said bill as seeks to charge defendant Elizabeth D. Meyers with the proceeds of the sale of stocks of the Meridian Light and Railroad Company." The demurrer addressed to the whole bill was overruled. Upon that authority the decree appealed from is reversed. A decree is here entered, overruling the demurrer; and the cause is remanded.

Reversed, rendered, and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.