# Adams *v.* Walsh, *et al.*

### *Bill to Vacate Probate Decree.*

(Decided December 17, 1914.  67 South. 432.)

1. *Executors and Administrators; Setting Aside Account; Presumptions.*—In view of the provisions of sections 2686, 2687, and 2688, Code 1907, a complaint by an administratrix to set aside a decree on an account stated by the probate court, which does not allege that complainant did not receive the statutory notice, and was not present at the hearing, was subject to demurrer; the presumption on appeal being, in the absence of such allegation, that such notice was fully given, and that complainant was present at the hearing.

2. *Same; Vacating Involuntary Account.*—Under section 3914, Code 1907, a bill to vacate a decree of a probate court stating the final account of an administratrix, and rendering a decree against her which does not allege fraud, accident, surprise or mistake in obtaining the decree, and which does not negative complainant's fault or neglect, is insufficient.

APPEAL from Russell Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by Ophelia J. Adams, as administratrix of the estate of Warren D. Halliday, against Louisa J. Walsh and others, to vacate a decree rendered against her on final settlement. From a decree sustaining demurrers to the bill, complainant appeals. Affirmed.

F. E. BLACKBURN, for appellant.

A. E. BARNETT, and EVANS, FERRELL & GLENN, for appellee.

GARDNER, J.—The bill in this case was filed by appellant, and seeks to vacate the decree of the probate court of Russell county, rendered December 19, 1911, against appellant, as administratrix, on final settlement of her administration of the estate of Warren D. Halliday, deceased, which said decree was in the

[Adams v. Walsh, et al.]

sum of $2,000 and in favor of the appellees, as the heirs and distributees of said Halliday, deceased. From the decree of the chancellor sustaining demurrer to the bill, this appeal is prosecuted.

It is alleged in the bill that the judge of probate proceeded on November 16, 1911, to state and file an account of the complainant, as administratrix of the said estate, and to make an order on said date setting same down for hearing on December 19, 1911, and proceeded to a hearing upon the account so stated by him, and, upon said hearing on December 19, 1911, entered the decree against her as administratrix in the sum of $2,-000, and that at this time there was on file a statement of her account filed by her on August 17, 1911, pursuant to an order of said court.

It is insisted by counsel for appellant that under these averments the judge of probate was without authority in stating an account against complainant and in rendering the decree of December 19, 1911, and that the same is void and should be vacated, and an accounting had in the chancery court.

It is urged by counsel that the bill "in fact is bottomed upon the proposition that the probate court had no such power or authority."

Speaking to this insistence, the learned chancellor, in his able opinion which accompanies the decree, has this to say:

"The complainant in this case first insists that the decree in the probate court is void because it was entered without setting the complainant's account down for hearing. It is alleged that, something more than a year after the grant of letters of administration, two of the respondents filed a petition in the probate court, as they had a right to do, to force complainant to make a settlement. Some time after the filing of this petition,

[Adams v. Walsh, et al.]

complainant filed her accounts and vouchers; but it does not appear that the account was filed within the time required by the order of the probate court. The allegations of the bill are silent as to this. It is further alleged that thereafter the judge of the probate court stated an account of complainant's administration of said estate; that said account as stated by the court was filed November 16, 1911, and was set down for hearing on December 19, 1911; and that on said date judgment was entered against the complainant. It is not averred that complainant had no notice of the hearing on December 19, 1911. In the absence of such an allegation, it will be assumed that complainant had notice of the hearing, and was present in court, or, if not present, had the right to be present and protect herself against such orders and decrees as might be made by the court. There are no facts alleged in the bill from which it could be concluded that the errors and mistakes complained of could not have been corrected, and indeed would have been corrected by the probate court if complainant had appeared and looked after her interest as she was in duty bound to do. * * * Complainant fails to attach as exhibits to the bill any of the proceedings of the probate court. The account which she claims to have filed in the probate court on August 17, 1911, is not attached as an exhibit. The statement made up by the court is not attached as an exhibit, nor the decree rendered by the court. It is impossible to know what these statements and decrees contained."

(1) It then appears that this was not a voluntary settlement governed by section 2667 et seq. (Code 1907), but one that came within article 18 of said chapter of the Code, which provides for compelling a settlement by an administrator.

[Adams v. Walsh, et al.]

As shown above, the bill fails to allege that the complainant filed her accounts and vouchers by the day named in the citation which was issued out of the probate court, but merely that it was filed August 17, 1911. If not filed by the day named, the court should proceed to state the account under the provisions of section 2686 of the Code. Under the succeeding section, however, it is provided that after stating such account the court must issue citation to such administrator, to appear on a day named therein and file his accounts and vouchers for final settlement; and under section 2688 any person may attend on part of the administrator and show that he is entitled to additional credits, and any interested person may contest any item of the account. Indeed, this article of the Code contains provisions intended for the full protection, not only of the distributees of the estate, but of the administrator as well. It is not alleged that the complainant did not have all the notices provided therein, nor, in fact, was her presence at the hearing negatived by the bill.

Clearly, the court had jurisdiction therefore of the subject-matter and of the person.

"When on appeal the validity or regularily of the proceedings of the court of probate in the settlement of administrations is assailed, its records must discover every fact essential to the validity of its sentences. Intendments will not then be made to support them. When, however, the jurisdiction of the court has attached, and appears of record, and the judgment is assailed or impeached collaterally, the rule applicable to superior courts prevails, that all reasonable intendments and presumptions will be made to support them. * * * The jurisdiction of the court of probate was called into exercise when the administrator filed his accounts and vouchers for a final settlement and a day

was appointed for the settlement. Whatever of irregularity there may seem to be in the appointment of a guardian ad litem for the infant complainant is mere matter of error, not of jurisdiction, and does not detract from the conclusiveness of the decree pronounced by the court."—*Gamble v. Jordan,* 54 Ala. 432.

So, in the instant case, we conclude that, jurisdiction of the court having attached for the purpose of compelling a final settlement and notices having been given, the decree of the court would not be void simply because the account complainant filed was not set down for hearing, and that at most, as stated in the opinion of the chancellor, it would be an irregularity and not sufficient to set aside the decree; and, indeed, if an irregularity, it is not made to appear to be such as resulted in any injury to complainant.

(2) In the sixth paragraph of the bill it is alleged that the probate decree was "burdened with gross errors of facts," and then followed certain credits complainant insists should have been allowed her, that were not so allowed, and a failure to allow her the commissions prescribed on all moneys, etc.

No fraud, accident, surprise, or mistake in obtaining the decree, or as to any item of credit complained of, is alleged in the bill. For aught that appears from the bill, the complainant was present at the hearing, and these matters now complained of were fully presented to the court and determined, and known and understood by all the parties at that time. As said by this court, speaking of the statute (section 3914, Code of 1907) here sought to be invoked, in *Martinez v. Meyers,* 167 Ala. 456, 52 South. 592: "It was not the purpose of this statute, however, to merely authorize the chancery court to revise the decree of the probate court by correcting errors committed when all parties were cogniz-

ant of the facts upon which they may have been predicated"—citing *Waldron v. Waldron*, 76 Ala. 285.

And, besides, under the language of the statute, it is incumbent on the complainant by her bill to acquit herself of all fault or neglect, and this she has not done.

Under the decisions of this court, the bill is insufficient as one seeking relief under the provisions of section 3914 of the Code of 1907.—*Hall v. Pegram*, 85 Ala. 522, 5 South. 209, 6 South. 612; *Bowden v. Purdue*, 59 Ala. 409; *Otis v. Dargan*, 53 Ala. 178; *Martinez v. Meyers, supra*.

Viewed in either aspect as here presented and argued by counsel, we are of the opinion that the bill is insufficient; and the decree of the chancellor sustaining the demurrer is, accordingly, affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.