(75 South. 888)

ADAMS v. WALSH et al. (5 Div. 665.)

(Supreme Court of Alabama. May 10, 1917.)

1. PROCESS ⬤⟹145 — MAILING AS CONSTRUCTIVE SERVICE—PRESUMPTION.

In constructive service of process by mail, where the notice was properly published, addressed and mailed to a defendant, it will be presumed that he received it, where it was never returned, and no notice of such return or failure of delivery was ever given by the post office department.

[Ed. Note.—For other cases, see Process, Cent. Dig. §§ 194–199.]

2. EXECUTORS AND ADMINISTRATORS ⬤⟹516(6) —REOPENING FINAL SETTLEMENT—NOTICE—SUFFICIENCY OF EVIDENCE.

Evidence *held* sufficient to show that complainant received notice and knowledge of final settlement of an estate in which she was interested.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2226–2230.]

3. EXECUTORS AND ADMINISTRATORS ⬤⟹516(6) —REOPENING FINAL SETTLEMENT—FAILURE TO RECEIVE NOTICE—BURDEN OF PROOF.

Complainant had the burden of establishing her contention that she had neither notice nor knowledge of the final settlement of an estate by evidence reasonably satisfying the court.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2226–2230.]

Appeal from Chancery Court, Russell County; O. S. Lewis, Chancellor.

Bill by Ophelia J. Adams against Louisa J. Walsh and others. Judgment for defendants, and complainant appeals. Affirmed.

Felix E. Blackburn, of Birmingham, for appellant. E. H. Glenn, Jr., of Opelika, and I. T. Irwin, Jr., and A. A. Evans, both of Montgomery, for appellees.

THOMAS, J. This is the second appeal in the cause. See report of original appeal, Adams v. Walsh et al., 190 Ala. 516, 67 South. 432. Thereafter the bill was amended to conform to the suggestions made in the opinion of the court, 190 Ala. 518, 520, 67 South. 432.

The decisions construing section 3914 of the Code of 1907 have been collected in Evans v. Evans, 76 South. 95,[1] and are not necessary to be enumerated here. It is sufficient to say that the bill as amended presented for decision the question of jurisdiction of the complainant as a party defendant in the matter of the final settlement of the estate of Warren D. Halliday, deceased, in the probate court of Russell county, of which appellant was administratrix.

[1] The question of reasonable notice under state statutes, and its relation to the "due process" clause of the Constitution of the United States (Fourteenth Amendment), is discussed in the cases of Grannis v. Ordean, 234 U. S. 385, 398, 34 Sup. Ct. 779, 58 L. Ed. 1363, American Land Co. v. Zeiss, 219 U. S. 47, 31 Sup. Ct. 200, 55 L. Ed. 82, Arndt v. Griggs, 134 U. S. 316, 10 Sup. Ct. 557, 33 L. Ed. 918, and Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In the Grannis Case, where the name on the envelope containing the notice by publication mailed to a non-resident defendant was misspelled, the court said:

"In view of the well-known skill of postal officials and employés in making proper delivery of letters defectively addressed, we think the

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 329.

presumption is clear and strong that the letters would reach—indeed, that they did reach—the true Albert B. Geilfuss in Milwaukee."

In the instant case the evidence of the publisher of the Russell Register was to the effect that notice of said proposed final settlement appeared in that county paper as prescribed by the statutes, that a copy of each of the issues containing the notice—to wit, those of November 24, December 1, and December 8, of the year 1911—was mailed to the address of complainant, and that neither copy was ever returned, and that no notice of any such return, or of failure of delivery, was ever given by the post office department showing that the same had not been delivered to complainant.

[2] If a nonresident may be held to have had notice by the publication, and the mailing thereof, as shown in the Grannis Case, supra, there can be no doubt of the service of process in the instant case; for the evidence further shows that deputy sheriff Smith remembered serving papers on complainant in the matter of the Halliday estate, and the detailed account of the manner of his service and return corroborated the return, indorsed on the notice, of service thereof on complainant by Sheriff Butler. It is further shown without dispute that at the time and place (indicated in said notice published and executed by the sheriff) set for the trial of said matter of final settlement of said estate complainant's husband appeared, with counsel employed in the name of and for the purpose of representing complainant as administratrix of said estate, and that said husband and counsel were present at and participated in the final settlement now sought to be set aside under the statute (Code, § 3914). This fact of representation and participation in the final settlement is corroborated by the attorney so employed and so representing the interest of the complainant as administratrix in said final settlement. Notwithstanding this evidence, complainant denies that she received the notice, or that service thereof was perfected upon her by the sheriff, and states that she knew nothing of the time fixed by the judge of the probate court (in which court said administration was pending) for the final settlement of her administration of said estate.

[3] The burden of proof was upon complainant to establish her contention—the failure of knowledge or notice to her of the final settlement—by evidence reasonably satisfying the court that she had no such knowledge or notice as gave the court jurisdiction in the rendition of the challenged decree. Waldrom v. Waldrom, 76 Ala. 285; Dunklin v. Wilson, 64 Ala. 162. She has failed to go forward with her evidence to the discharge of the burden of proof the law has placed upon her. Further discussion is unnecessary.

We are of the opinion that the chancellor reached the proper conclusion, and that the decree of the chancery court should be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.