(76 South. 855)

**CLEMENTS et al. v. CLEMENTS et al.**

(4 Div. 720.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⬤⟝516(6) —SUIT TO REACH PROCEEDS—OBJECTIONS.

Where lands were sold by the chancery court for distribution between the joint owners as established by order of the probate court, a bill by others claiming to be the legitimate wife and children of deceased, which sought to reach the proceeds under control of the chancery court and in effect ratified the sale, is not open to objection because it did not attempt to set aside the sale and recover the lands.

2. EXECUTORS AND ADMINISTRATORS ⬤⟝516(6) — SUIT TO OPEN SETTLEMENT — PARTIES PLAINTIFF.

Land of a decedent having been sold for distribution by the chancery court between the widow and minor children, as decreed by order of the probate court, a bill by persons claiming to be the legitimate widow of deceased and his legitimate children, seeking to subject the proceeds to their claims, is not bad for misjoinder of parties because the alleged legitimate widow was joined as complainant, for she was at least a proper, if not a necessary, party, having marital rights in the estate of her husband.

3. EQUITY ⬤⟝152 — PLEADING — BILL — EXHIBITS.

Exhibits attached to a bill should be treated as part thereof on demurrer.

4. EXECUTORS AND ADMINISTRATORS ⬤⟝516(6) —SUIT TO OPEN SETTLEMENT—BILL.

A bill by complainants, an alleged legitimate widow and children of deceased, to reach the proceeds of the sale of land made by the chancery court for distribution between the joint owners, which asserted that respondents, the alleged widow and children of deceased, were not his legitimate widow and children, disclosed that the estate of deceased was duly administered in the probate court and finally settled. It did not appear whether complainants knew of the administration proceeding, and if they had an opportunity whether they appeared and resisted the decree. *Held*, that as the bill was filed nearly eight years thereafter, and there was no allegation as to when the facts were discovered relieving complainants of laches, a demurrer was properly sustained to the bill on the ground that complainants were either barred by the decree or by their laches in attacking it.

5. EQUITY ⬤⟝454 — ORIGINAL BILL IN NATURE OF BILL OF REVIEW.

An original bill in the nature of a bill of review, which was intended to correct a settlement of the probate court unlike a bill of review, may be filed without leave of court.

Appeal from Chancery Court, Geneva County; O. S. Lewis, Chancellor.

Bill by Mary S. Clements and others against Mrs. Nettie Clements and others.

From a decree sustaining a demurrer to the bill, complainants appeal. Affirmed.

Curry & Walker, of Clanton, for appellants. H. L. Martin, of Ozark, and C. D. Carmichael, of Geneva, for appellees.

ANDERSON, C. J. [1, 2] As we understand the bill in question, it presents a contest between the alleged legitimate wife and children of Jesse J. Clements, alias J. N. Clements, deceased, and the bigamous wife and illegitimate children of said Clements, and seeks to subject certain money in the hands of the register as part of the proceeds of the sale of lands belonging to the estate of said decedent and to intercept said fund before it falls into the hands of an innocent party. The bill does not seek to set aside the decree of sale, or to vacate said sale, but only seeks to subject so much of the proceeds of same as is now under the control of the chancery court, thus, in effect, ratifying the sale and the title acquired thereunder by the purchaser, Faulk. Nor can these respondents complain that the complainants prefer subjecting the proceeds instead of trying to recover the land, or that they ask for only so much of the proceeds as has not heretofore been paid out. Neither can they complain of a misjoinder of parties complainant because the alleged legal widow of Clements is made a party complainant, as she is at least a proper, if not a necessary, party, and the chancery court can decree a proper distribution between her and the other complainants in case of a recovery, as she has a marital right in the fund sought, whether it be treated and distributed under the law governing the descent and distribution of real estate or personalty. Therefore, if the bill did not disclose other material facts hereinafter discussed, it would not be subject to the respondent's demurrer. Evans v. Evans, 76 South. 95, ante, p. 329, and many cases there cited.

[3, 4] The bill however has attached thereto certain exhibits and which must be treated as a part of said bill upon demurrer. Hogan v. Scott, 186 Ala. 310, 65 South. 209. These exhibits disclose the fact that the estate of said Clements was duly administered in the probate court of Geneva county; that the estate was finally settled, and that the land sold by the chancery court for distribution between the joint owners, and the proceeds of which are now sought, was set apart by an order or decree of said court as dower and homestead to the respondent widow and her minor children. This was a judicial ascertainment by said court that the respondents were the legal widow and children of said Clements and entitled to the property in question, and relief cannot be awarded the present complainants except by vacating and impeaching said judgment or decree of the

probate court. From aught that appears, these complainants may have known of the administration of the estate in the probate court and not only had an opportunity to contest and resist the decree there rendered but may have, in fact, done so. Or if they did not know of said administration until after the decree, there is no averment as to when the facts were discovered or otherwise relieving them from laches in filing this bill nearly eight years thereafter, and the bill was subject to the respondents' demurrer proceeding upon that theory and which was properly sustained. Adams v. Walsh, 190 Ala. 516, 67 South. 432; Otis v. Dargan, 53 Ala. 178; Hall v. Pegram, 85 Ala. 522;[1] Evans' Case, supra; Robertson v. Walker, 51 Ala. 484; Vincent v. Martin, 79 Ala. 540.

[5] It is true the authorities supra apply generally to bills filed under section 3914 of the Code to correct settlements of the probate court, or to bills of review, but they apply by way of analogy to the present bill which is commonly called "an original bill in the nature of a bill for review." Hogan v. Scott, supra, McDonald v. Pearson, 114 Ala. 630, 21 South. 534, but unlike a bill of review may be filed without leave of the court.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.