**MATTHEWS et al. v. LOVELADY et al.**
(8 Div. 605.)

(Supreme Court of Alabama. June 19, 1924.)

**1. Homestead ⬅144—Sum paid to widow in lieu of homestead held hers absolutely.**

Where decedent estate was probably insolvent, so that homestead probably would have been wife's fee simple, under Code 1907, § 4196, and she also released life interest in another tract of land under agreement with administrator and heirs that the homestead and the other land should be sold and $2,000 paid to her, *held* that sum to be paid widow was to be hers absolutely and not merely for life.

**2. Infants ⬅112—Decree held binding on infants represented by guardian ad litem.**

Decree on accounting and settlement by administrator, approving payment made to widow in lieu of homestead, pursuant to agreement not limiting her to life interest, *held* binding on infant heirs, who were duly represented by guardian ad litem; their remedy, if there was error, being by appeal, not by collateral attack on judgment.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by Thomas J. Matthews, Mary Middleton, and Anthony, Fred, and Ellen Tipton, against Jim Lovelady, W. H. Lovelady, Eliza Branch, Hannah Rush, Jim Lovelady, as administrator of the estate of Lizzie Matthews, and the First National Bank of Stevenson. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The bill of complaint was filed on January 15, 1922, by the legal heirs (a son and daughter of full age, and three minor grandchildren) of Sam Matthews, deceased, to enforce their claim as such heirs to a fund of $2,000, alleged to have been paid over by the administrator of Sam Matthews to Lizzie Matthews, the widow of said decedent, out of the proceeds of the sale of his estate in lieu of homestead; the theory of the bill being that Lizzie Matthews, now deceased, and leaving no children or lineal descendents, had only a life interest in said fund, and that upon her death it reverted to the heirs of said Sam Matthews.

The bill alleges that the decedent, at the time of his death, owned and occupied as his homestead a tract of land containing 163 acres, more or less, and worth approximately $5,000, and also a house and lot in the town of Fackler, the value of which is not stated.

One J. L. McCreary, having been appointed administrator of the estate of Sam Matthews, Lizzie Matthews, his widow, filed her petition for allotment of homestead, which was duly laid off and allowed to her, and so reported by the commissioners—to which the administrator filed exceptions on the ground that the allotment was excessive. The contest thus instituted was then certified by the probate court to the circuit court for trial.

At this stage of the proceeding, a written agreement was entered into between the administrator, the widow, and the two adult children of the decedent, in words as follows:

"This instrument witnesseth:

"That on or about the 16th day of September, 1920, Sam Matthews departed this life intestate in said county, leaving him surviving Lizzie Matthews as his widow, and a son, T. J. Matthews, and a daughter, Mary Jane Middleton, both of full age, and two minor children of a deceased daughter, all residents of said county.

"At the time of his death he owned certain real and personal property and owed debts to the amount of $1,600 more or less.

"Prior to his death he made a deed conveying to his said wife certain real and personal property and another deed to his son, T. J. Matthews, certain real and personal property.

"All the personal property of the estate has been set apart to said widow under the exemption laws of Alabama, and a homestead has been set off and allotted to said widow and appraised at $1,995, and the administrator, J. L. McCreary, filed exceptions to the allotment of said homestead, alleging, among other things, that the value of said homestead as laid off is excessive and that the same is worth some $3,500. On the hearing of said exceptions an issue was made and an order made directing that said issue be certified to the circuit court of said county to be tried.

"On the facts presented it may be, and it is probable, the property of said estate will not be sufficient to pay the debts. To avoid the insolvency of the estate and the litigation incident to a trial of the contest certified to the circuit court and further prospective litigation necessary to cancel the said deeds made to said widow and to T. J. Matthews and subject to [the] property therein conveyed to the payments of the debts, and to make a more equitable distribution of the estate among said heirs, it is hereby agreed in compromise and settlement of all litigation between the said J. L. McCreary, as administrator aforesaid, and the said widow, Lizzie Matthews, and T. J. Matthews that the said administrator shall procure an order or decree for the sale of the said real estate from some court of competent jurisdiction, including the said homestead and the realty included in said deeds and apply the purchase money as follows, to wit:

"Pay to said widow $2,000, then the debts due from said estate together with the expenses of administration and the balance distributed among the heirs according to their respective interests therein. The said Lizzie Matthews hereby agrees and obligates herself to execute of [or] join in the execution of a proper conveyance of all interests in the real estate aforesaid to the purchaser or purchasers at such sale. The objections to the allotment of said homestead are to be withdrawn and an order made confirming the said report. The said Lizzie Matthews shall retain the possession, use, and control of the said homestead and the realty described in her deed for the current year, and the said T. J. Matthews shall likewise retain the possession, use and control of the lands described in his said deed for the current year. The said Mary Jane Middleton shall have the use and control for the current year of so much of the remainder of said land as she may reasonably cultivate, and the remainder of said lands the said administrator shall rent out and cause to be cultivated for current year for the use and benefit of said minor children.

"The said administrator is hereby authorized to rent out and cause to be cultivated for the use and benefit of said minors for the current year the 16-acre tract of land lying on the pike road and described in said Lizzie Matthews deed."

Pursuant to this agreement, the administrator filed his petition in the probate court "for the sale of the lands of the decedent for the payment of debts." The heirs of the estate were made respondents, and the two infant heirs (complainants here) were represented by guardian ad litem, who "objected to the sale of lands in proper form, and objected in proper form to the account filed and passed on final settlement"

The petition was granted, the sale made, and the lands purchased by one J. M. McGuffey, in bulk, for $4,600. The purchase money was paid, the sale duly confirmed, and a deed of conveyance executed to the purchaser.

The administrator thereupon paid over to the widow, Lizzie Matthews, $2,000 of the proceeds of said lands, and on final settlement of the estate he "was credited with $2,000 paid to the widow, and credited with

various items of alleged debt paid by the administrator, and a small balance distributed to the complainants as distributees or heirs at law of the said Sam Matthews, deceased."

Lizzie Matthews had the use of the said $2,000 until her death on about December 31, 1922, but did not consume or dispose of it, and at her death it was on deposit in her name in a Stevenson, Ala., bank.

The bill alleges that, the actual homestead of the decedent being greater in area and value than allowed by law, the widow's homestead claim and right accrued under section 4196 of the Code, and that, in the absence of a decree of insolvency, she took the homestead exemption for her lifetime only. Hence it is alleged she took the $2,000 in money, in lieu of actual homestead, with the same limitation; and, upon her death, the fund reverts to the heirs of the decedent, Sam Matthews, and does not descend to the heirs of Lizzie Matthews.

The amended bill shows that the lands previously conveyed to the widow consisted of a tract of 1½ acres in the town of Fackler, and 16 acres of the homestead tract, and that the grant was for the widow's lifetime only, with reversion to the grantor's heirs at her death.

D. P. Wimberly, of Scottsboro, for appellants.

In a case of this kind the widow takes absolute title only when the estate is judicially declared insolvent. Code 1907, § 4196. The conclusiveness of a judgment extends only to the question directly in issue. Pitts v. Howard, 208 Ala. 380, 94 South. 495; Ford v. Ford's Adm'r, 68 Ala. 141. Relief should have been granted to the minors, whether or not the other complainants were entitled to relief. Code 1907, § 3212; King Lbr. Co. v. Spragner, 176 Ala. 564, 58 South. 920.

Proctor & Snodgrass, of Scottsboro, and Miller & Ballard, of Chattanooga, Tenn., for appellees.

Complainants are precluded by estoppel from maintaining this suit. Bigelow on Estoppel (6th Ed.) 6; 21 C. J. 1062; Tallapoosa County Bank v. Salmon, 12 Ala. App. 589, 68 South. 542; Newport v. Schoolfield, 142 Ky. 287, 134 S. W. 503; Morgan's Lessee v. Slider, 22 Md. 267; 21 C. J. 1112; Donahoo Co. v. Reliance Co., 201 Ala. 422, 78 South. 800; Sellers v. Comm. Co., 105 Ala. 282, 16 South. 798; Richard v. Shepherd, 159 Ala. 663, 49 South. 251; Bain v. Wells, 107 Ala. 562, 19 South. 774; Adler v. Pin, 80 Ala. 351; Leinkauff v. Munter, 76 Ala. 194; Strange v. Watson, 11 Ala. 324; Forsyth v. Day, 46 Me. 176; Conway Bank v. Pease, 76 N. H. 319, 82 Atl. 1068; Bricker v. Stroud, 56 Mo. App. 183; Watson v. Motley, 201 Ala. 25, 75 South. 147; Fairford Lbr. Co. v. Tombigbee Co., 165

211 ALA.—32

Ala. 275, 51 South. 770; Durr v. Wilson, 116 Ala. 125, 22 South. 536; Cooper v. Bank, 99 Ala. 119, 11 South. 760. The records of the court impart absolute verity and may not be impeached by collateral attack by adducing facts in denial. 21 C. J. 1063; Carlisle v. Killebrew, 89 Ala. 329, 6 South. 756, 6 L. R. A. 617; Gray v. State, 63 Ala. 66; Deslonde v. Darrington's Heirs, 29 Ala. 92.

SOMERVILLE, J. [1] Under the tripartite agreement entered into between the adult complainants Thomas J. Matthews and Mary Middleton, the administrator of Sam Matthews, and the widow, Lizzie Matthews, we think it is reasonably clear that the sum of $2,000 to be paid to the widow was to be hers absolutely. The reasons for this conclusion are sufficiently plain:

(1) The agreement recites that the estate was probably insolvent, a fact which would when duly ascertained and declared, vest in the widow absolutely an actual homestead allotment of the value of $2,000. Code, § 4196.

(2) It recites also that "certain real and personal property" had been conveyed by Sam Matthews to Lizzie Matthews, and requires that that real property be sold by the administrator, along with the homestead and other real estate left by the decedent, for the payment of the debts of the estate. The value of the property previously deeded to the widow is not stated, but it must be presumed to have been of substantial value, though only a life estate.

(3) The consideration upon which the widow was to be paid $2,000 was therefore not merely the release of a homestead in which she had but a life interest, but the release of a homestead which would probably be hers in fee simple; and, in addition to that, the release of her life interest in another tract of land, which, so far as appears, was of some considerable value.

(4) There is nothing in the agreement suggestive of an intention to pay the $2,000 to the widow in lieu of, and with the limitations of, a homestead estate for her lifetime. The circumstances and considerations above stated are sufficient, we think, to decisively refute the construction of the contract now insisted upon by complainants; and the execution of the contract, shown to have been made according to its terms, operates as a bar to the claim of the two adult complainants who were parties thereto.

The claim of the three infant complainants, who were not parties to the agreement, and who of course could not have been bound thereby, must be determined upon other considerations.

The bill shows that the contract above referred to was filed in the probate court, and that it was the foundation of the proceeding by the administrator, and the basis of the decrees ordering a sale of the lands

and directing or confirming the administrator's distribution of the proceeds. The infant complainants herein were made parties to that proceeding, and were represented by a guardian ad litem, who objected to the decree of sale, and also to the account filed by the administrator, and to the decree allowing and confirming it on final settlement, including the payment of $2,000 to the widow. That payment was not an incidental or collateral matter, but was of the substance of the decree and settlement, made pursuant to the agreement on file, ·and hence its status and effect are not within the principle declared in Pitts v. Howard, 208 Ala. 380, 94 South. 495 (6), that incidental or collateral matters found in a judgment are not to be taken as conclusively determined.

But there is no such question involved here, for the probate court did not undertake to qualify the payment made to the widow, nor to limit or extend her rights thereunder. It merely carried out the contract between the adult parties, and confirmed the payment to her of money, by allowing a credit to the administrator for the amount so paid. If the money had been so paid or distributed to her under the provisions of a statute, or under the terms of a testamentary gift, limiting her interest to a life estate, that limitation would have attached and persisted, whatever the decree of the distributing court may have incidentally declared in that respect. But the payment in question has no such limitation, for there is no antecedent qualification to which a court may look to overcome the plain effect of a money payment made upon contractual considerations, and this phase of the question is not affected by the fact that these infant complainants were not parties to the contract. The $2,000 agreed to be paid to the widow was a contractual substitute for her interest in the homestead and in the other lands conveyed to her by the decedent, and not a statutory substitute for the actual homestead to which she may have been entitled, or which was allotted to her. Hence there is no ground for imputing to this money payment the character and qualities of a statutory homestead estate.

[2] As to the decree, accounting, and settlement, under which the payment was made to the widow; and the administrator allowed a credit therefor, they were binding even upon these infants when duly represented by a guardian ad litem. Watts v. Frazer, 80 Ala. 186, 189. Their remedy, if there was error, was by appeal, and not by collateral attack, as here.

The bill is not filed under section 3914 of the Code, for the correction of any error of law or fact in the settlement of a decedent's estate, and the equity of that remedy is not here presented. See Martinez v. Myers, 167 Ala. 456, 52 South. 592.

We hold that the bill of complaint is without equity, and that the demurrer was properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and MILLER, JJ., concur.